NEW YORK,
May, 1835.

Maynard
v.
Downer.

---

## MAYNARD *vs.* DOWNER.

Where a person, within the age of 21, brings a suit in the common pleas and appears by *attorney*, and judgment is rendered *against him* for costs ; on bringing a *writ of error* and assigning his *infancy* as error in fact, the judgment will be *revoked*, but costs will not be allowed him.

An *error book* should contain the writ of error, the record of judgment in the court below, the pleadings in this court, and a *curia advisare vult.*

ERROR from the Madison common pleas.  Maynard, by S. Thomas his *next friend*, sued out a writ of error to reverse a judgment *as in case of nonsuit*, rendered in the Madison com- mon pleas against him, by which *costs* were awarded against him in favor of Downer.  He assigned *infancy* as error in fact, alleging that he appeared by *attorney ;* and at the time of his appearance in the action in the common pleas, and at the time of the rendition of the judgment, he was an infant with-

NEW YORK,
May, 1835.

Maynard
v.
Downer.

in the age of 21 years, to wit, &c. To this assignment, the defendant in error *pleaded* that Maynard, of his own wrong and against the will and consent of the defendant, prosecuted his suit in the common pleas, and appeared by attorney, the defendant not having any knowledge or information of his non-age. To this plea the plaintiff in error demurred, and the defendant joined in demurrer. The *error book* in this case was most inartificially made up. It had a *placita*; then followed a memorandum, stating the bringing into court the assignment of errors; after which were set forth the assignment of errors, the plea, the demurrer and joinder, and a *curia advisare vult*: omitting wholly to set forth the writ of error and the record of judgment in the court below. The defendant in error objected to the error book, insisting that enough did not appear to enable the court to *review* the judgment below.

*M. T. Reynolds*, for the plaintiff in error.

*J. A. Spencer*, for the defendant in error, insisted, in addition to the above objection, that if the judgment was *revoked*, costs ought not to be awarded to the plaintiff in error.

*By the Court*, SUTHERLAND, J. This is an unusual, and I think, very informal mode of making up a record in a case like this. The writ of error and subsequent proceedings should at least be stated by way of recital, if not set out more formally. The plea, however, in this case, states all perhaps that is necessary for the court to know in relation to those proceedings. For aught that appears, the fact of the plaintiff's *infancy* never was disclosed to the defendant until the assignment of errors in this court; and that fact may not have been presented to the court below in any form. The fact however being now admitted, the question is, whether it is available to the plaintiff for the purpose of getting rid of the judgment for costs against him in the court below.

In *Gardner* v. *Holt*, *Strange*, 1217, where an infant plaintiff, suing by *prochein ami*, was in execution for costs on a ver-

dict against him, the court refused to discharge him on mo- NEW YORK, tion, saying, that *if costs* could not be given against him, it May, 1835. was error and should be corrected in that way. So, in *Fin-* Maynard *ley* v. *Jowle*, 13 *East*, 6, an infant sued without *prochein ami* v. or guardian, and failed, and was charged in execution for the Downer. costs—a motion was made to discharge him, on the ground that an infant plaintiff was not liable for costs ; but the court said the plaintiff had concealed his infancy, and they would not relieve him. There was nothing said about a writ of error. In*Hamlin* v. *Hamlin*, 1 *Bulst*. 189, an infant sued by attorney, and was nonsuited, and the court refused to relieve him ; and in *Thurston, ex dem* v. *Percival Barnes*, 183,two cases are cited of attachments against infants for non-payment of costs. *Vide Graham's Pr.* 745. In the case of *De Witt* v. *Post*,11 *Johns. R.* 460, an infant *defendant* appeared by attorney, and judgment was had against him. On a writ of error,*coram vobis*,he assigned this as *error in fact*,and the judgment was revoked or recalled, which is the proper judgment for error in fact. In *Schermerhorn* v. *Jenkins*,7 *Johns. R.* 373, it was decided that the *infancy of the plaintiff* was no ground of nonsuit at the trial, but should be pleaded in abatement ; that it is cured *after verdict* by the statute of jeofails. In *Ex parte Scott*, 1 *Cowen*, 33, it is decided that where an infant plaintiff sues without guardian, the proceedings may be set aside on motion. On the whole, the judgment ought to be *revoked*, not reversed, and the plaintiff in error will not obtain costs. 2 *R. S.* 618, § 31.