## HOLFORD v. ALEXANDER, ASSIGNEE.

1. The judgment upon a writ of error *coram vobis*, is, that the judgment complained of be *affirmed*, or *recalled*, according as it may be for the plaintiff or defendant; and if for the former, then the suit is placed in the same situation as it was when the judgment was rendered. An order to this effect cannot make that interlocutory which would be otherwise final.
2. Upon a writ of error *coram vobis*, error cannot be assigned, which contradicts the record. It cannot be assigned, that a corporation against which a judgment had been rendered, had ceased to exist previous to the rendition of the judgment, that fact having been put in issue, and determined in the judgment sought to be reversed.
3. Upon such a writ, the authority of the attorney who represented the supposed corporation, cannot be questioned.
4. A writ of error *coram vobis*, can only be prosecuted by one who is a party or privy to the record, or injured by the judgment.

Error to the County Court of Russell.

THE defendant in error, by his petition addressed to the judge of the county court, stated, that at the August term, 1843, of that court, the plaintiff recovered a judgment against the Planters and Mechanics Bank of Columbus, an institution incorporated by an act of the legislature of Georgia, for the sum

of thirty thousand dollars. *Further,* that in a certain proceeding had on behalf of the State of Georgia, in the nature of a *quo warranto,* in the superior court of the county of Muscogee in that State, it was adjudged that the charter of the corporation was forfeited, and its privileges and franchise should forever cease ; that the superior court of Muscogee is a court of common law, and had full and complete jurisdiction of that proceeding. It is also stated, that by the law of the land, upon the forfeiture of the charter, no legal proceedings could be had against the corporation ; "and that at the time of the rendition of the judgment herein referred to, the said corporation of the Planters and Mechanics Bank of Columbus, was without form and void, and had totally ceased to have any and all existence."

Petitioner further shows, that previous to the forfeiture of the charter, the corporation made and executed to him an assignment of all its effects, for the benefit of all its creditors, which assignment was authorized by the laws of Georgia— and by an act of the legislature of that State, the appointment of the petitioner as assignee has been ratified and approved.

It is also alledged, that at the term of the county court of Russell above stated, upon the trial of the cause in which judgment referred to was recovered by the defendant in error against the assignor of the petitioner, certain persons without any warrant or authority appeared and pleaded as attorneys for the corporation, when in fact there was no such corporation in existence, and consequently could have been no authority to appear for it. Petitioner therefore insists that the judgment may be revoked, and that a writ of error *coram vobis* be granted, that the error in fact which has intervened in the rendition of the judgment may be inquired into, and the judgment forever held for nought. If petitioner, as assignee, has not the right to sue out such a writ, he prays that the writ be granted to him as an *amicus curiae.*

An order was made by the judge of the county court, that a writ of error *coram vobis* issue, according to the prayer of the petition, &c. The petitioner assigned for error in fact, that the corporation had ceased to exist previous to the ren-

dition of the judgment, which is here sought to be set aside.

The defendant moved the court to dismiss the writ, and quash the petition, on the ground of the insufficiency of both, and on the ground that the petition was sworn to before the clerk of the circuit court of Russell. This motion being denied, the defendant below demurred to the assignment of error, because it was insufficient to compel him to answer, and his demurrer was overruled.

The defendant then pleaded—1. That the facts alledged by the petitioner were untrue. .2. That on the trial of the action at law, wherein the defendant was plaintiff, and plaintiff's assignor defendant, the question whether the Planters and Mechanics Bank of Columbus existed as a corporation was put in issue and determined against the assignor, &c. 3. That since the rendition of the judgment in favor of the defendant against the assignor, the petitioner has recognized the same as valid and operative. 4. That in the sixth circuit court of the United States for the district of Georgia, held at Savannah, an action was instituted in favor of the defendant against the plaintiff's assignor, on the ————, 1846, for the same cause on which the judgment now sought to be reversed was rendered; and that to that action the petitioner on his own motion was made a defendant, instead of his assignor, and pleaded in his defence the former judgment recovered in the county court of Russell; and did thus recognize the validity of that judgment and avail himself thereof. In consequence of that plea, the defendant ceased to prosecute his suit in the sixth circuit, &c., and the same was abated for want of prosecution.

The petitioner moved to strike out the second, and demurred to the fourth plea, his motion was granted in respect to the former, and the demurrer sustained to the latter. Thereupon issues were joined on the first and third pleas, which were submitted to a jury, who returned a verdict for the petitioner, and judgment was rendered thereon, revoking and annulling the judgment against the assignor, and reinstating that cause on the docket.

On the trial, the petitioner offered in evidence an exemplification of the proceedings, in the nature of a *quo warranto*,

which were had in the superior court of Muscogee county, Georgia; the defendant objected to its admission on the ground that the attestation of the clerk of that court was not in due form; but the objection was overruled, and the evidence admitted. Thereupon the defendant excepted, &c.

W. DOUGHERTY, for the plaintiff in error, insisted, that no person can bring a writ of error to reverse a judgment who was not a party or privy to the record, or who was not injured by the judgment, and therefore is to receive advantage by the reversal thereof. [2 Bac. Ab. 457; Bar & Yeiser v. Stewart, 1 Bibb, 292; Vanhoose v. Frick, 3 S. & R. 278; 2 Tidd's Pr. 1134; 2 Williams's Saunders, 46, A.; 101, E.; Grout v. Chamberlain, 4 Mass. 611; 2 Kent's Com. 306.]

Nothing can be assigned for error which contradicts the record. [2 Tidd's Pr. 1168; 2 Bac. Ab. 489, 490; Wetmore, et al. v. Plant, 5 Conn. 541; Cook v. Conway, 3 Dana, 454; Helbut v. Held, 2 Strange, 648.]

If defendant in error stands in such a relation to defendant in action below, as to bring a writ of error, he ought to be made a party defendant, either on motion or *scire facias* as by the judgment of the court below the judgment rendered in the first instance, is merely recalled and not reversed, and the parties stand as before it was rendered. [11 Johns. 514; Arnold v. Sanford, 15 Johns. 534.]

E. W. PECK, for defendant in error, made the following points: 1. The writ of error to this court ought to be dismissed—1. Because there is no judgment in the court below in favor of the defendant in error, to be reversed. 2. Because, if any such judgment there be, it is not a final judgment. 3. Because the cause is yet pending and undetermined in the court below, and therefore the writ of error to this court is premature. 4. The remedy for the wrong complained of is not by writ of error.

2. The court below had power to issue the writ of error *coram vobis*. It is a power inherent in every court of general jurisdiction, that proceeds according to the course of the common law. Error lies in the same court where the judgment was given, when the error is not for any fault in the

court. [2 Sellon's Prac. 363.] So also for error in fact, the remedy is in the same court where the error was committed. [Comyn's Dig. Pl. 438, (2 B., 3 B. 1.)] Where an infant appears and pleads by attorney, and judgment against him, the remedy is in the same court, by writ of error *coram vobis*. [Meredith v. Saunders, 2 Bibb, 101.] So if defendant die before verdict on interlocutory judgment, (2 Saunder's Rep. 276, Ma. 101, a, note,) and judgment be notwithstanding rendered. So also in favor of one who is dead. [Rochester v. Anderson, 2 Bibb, 569.] So where action of assumpsit against two, and one of them die between verdict and judgment, and notwithstanding judgment be given. [Meggot v. Broughton, Cro. Eliz. 106 ; 2 Bac. Ab. 485.] In this case, judgment is rendered against a corporate body after it had ceased to exist. As a party in court, the corporate body was dead, and therefore no judgment could legally be rendered against it by the court. The judgment however being rendered, the death of the corporate body not being known to the court, the remedy was properly sought in the same court, on the authorities aforesaid. The distinction between this case and that of Wetmore v. Plant, 5 Conn. 541, is this, in that case the judgment was against Wetmore, the defendant in the court below, he had his day in court, and might have abated the suit by plea, but neglected to do so.; here the corporation having ceased to exist before judgment, there was therefore no party defendant in court, either to make the objection, or against whom judgment could be rendered. The same may be said of the case of Cook v. Conway, 3 Dana, there was a party defendant in issue, a real party, and the record showed that he actually appeared. This the court would not permit him to deny on error. If an infant appear by attorney, he may have his writ, and assign the *fact*, although the record says, " *come the parties by their attorneys*." He may assign the fact, because, being an infant he could not make an attorney. If an infant cannot make an attorney because he is an infant, can a party not *in esse* make an attorney ? and if an attorney appear, may it not be shown that there was no party to make an attorney ? In 2 Bacon, it is said, nothing can be assigned for error that contradicts the record, and gives the following case : In a writ of error

Holford v. Alexander, assignee.

to reverse a fine, the plaintiff cannot assign that the conusor died before the *test of the dedimus,* because that contradicts the record of the conusanee, taken by the commissioners, which evidently shows that the conusor was alive, because they took his conusance after they were armed with the commission, and the *dedimus* issued.    Here the conusance made by the conusor, is itself a record, and taken by commissioners appointed for that purpose, so, to say he was dead when he made the conusance, contradicts the record.    Yet the same author says, the plaintiff may assign, that the conusor died after conusance taken, and before the certificate thereof returned, because this is consistent with the record.

3. It is objected that the writ of error *coram vobis,* should have been quashed, because it is said that Alexander was neither party nor privy to the judgment.    He is the assignee of the corporation, which it is not denied, in fact ceased to exist before judgment.    Now, if the judgment be erroneous, in what way is the error to be corrected ?    No writ can issue in the name of the corporation, because its franchises have been seized by the State, and the corporation itself dissolved.    I insist that the assignee is the party injured by the judgment, and may therefore have his writ of error.    [2 Bacon's Ab. 457.]    No person can bring error who is not party, or privy, or, who is not injured by the judgment.    If a man recover land by judgment, and dies without heir, against whom the writ of error shall be brought, is, says this author, left a quere. [See 1 F. N. B. 102, 103, title *audita querala*]    If the conusor of a statute aliens the land, and an execution is sued against the alienee, he may have a writ of error upon the execution.    [2 Bacon's Ab. 459.    See the note to this paragraph.]    Does not Alexander, as assignee, stand in a like situation here, as the alienee did in the case cited.    And it is necessary that the assignee should have his writ, to correct the error in this case, otherwise the judgment will operate to fix the rights of the plaintiff as a creditor of the defunct corporation, to the amount of the judgment, and the judgment will estop the assignee to deny that plaintiff is a creditor : he, therefore, ought to have his writ to avoid the judgment.

COLLIER, C. J.—It is argued for the plaintiff in error,

that the order of the county court, recalling the judgment against the Planters and Mechanics Bank of Columbus, is not a final disposition of that suit, and therefore the writ of error should be dismissed. This argument cannot be supported. True, the cause is directed to be reinstated on the docket, that it may be tried *de novo*, but this is the mere consequence of the revocation of the judgment, and if the judgment should not have been annulled, will become inoperative by a reversal of the order, and can interpose no obstacle to its revision.

· The judgment upon a writ of error *coram vobis* is, that the judgment complained of be *affirmed* or *recalled*, according as it may be for the defendant or the plaintiff ; and if for the latter, then the suit is placed in the same situation as it was, when the judgment was rendered. An order to this effect in the definitive entry in the case made by the writ of error cannot make that *interlocutory*, which would be otherwise *final*. As it respects the judgment which is vacated, the action of the court, is conclusive as to its vitality.

It frequently happens, that judgments of justices of the peace, in cases of forcibly entry and detainer, *&c.*, which are removed by *certiorari* to the circuit court, are reversed, and a *venire de novo* awarded to the justice ; or that judgments of reversal are rendered on error from the county to the circuit court, in which the causes are remanded. In such cases, appeals or writs of error have frequently been prosecuted to this court, without awaiting the further action of the justice in the one instance, or the county court in the other. These, it seems to us, are parallel in principle, to the case at bar. From this view, we conclude that the cause is regularly brought here, and that the writ of error should not be dismissed.

It is said to be a general rule, " that nothing can be assigned for error that contradicts the record ; for the records of the courts of justice being things of the greatest credit, cannot be questioned but by matters of equal notoriety with themselves ; wherefore, though the matter assigned for error should be proved by witnesses of the best credit, yet the judges would not admit of it." Under the influence of this rule, it has

been held, that on a writ of error to reverse a fine, the plaintiff cannot assign that the conusor died before the teste of the *dedimus*, because that contradicted the record of the conusance taken by the commissioners; but the plaintiff may say that after the conusance taken, and before the certificate thereof returned, the conusor died, because this is consistent with the record. So, where the record of a judgment recites that it was rendered by a court at which a judge mentioned, *eo nomine*, presided, it cannot be assigned, (though in fact the court was held before his deputy, according to the King's patent,) that, that judge was not there; for such allegation is contrary to the record. *Again :* It has been decided, for the reason above stated, that it shall not be assigned for error the defendant filed his warrant to defend, by A. B., his attorney, and that it appears on the judgment he appeared and defended, by C. D., his attorney." [2 Bac. Ab., title Error, letter K, 2. See also, 4 Dane's Ab. ch. 127, art. 7, § 6.]

In Wetmore v. Plant, 5 Conn. Rep. 541, it was said that nothing shall be assigned for error in fact, of which a party might have taken advantage in the conrt below, or which he should have pleaded in abatement; that the coverture of the plaintiff should be pleaded in abatement, and if the defendant pleads in bar, he shall not afterwards assign the coverture for error. So a suit brought by a person in his official character, after he has ceased to be an officer, can only be abated on plea; and if the objection is not thus taken, it cannot be insisted on after judgment, that nothing can be assigned for error that contradicts the record, as that the plaintiff was not the officer the declaration affirms him to be. So in Goodright v. Wright, 3 Johns. Rep. 437, it was decided, that if a defendant pleads infancy, and a verdict is found against him, he cannot assign for error, that he was an infant, and did not appear by guardian.

In the case at bar, it is alledged in the petition for a writ of error, that the Planters and Mechanics Bank of Columbus had ceased to be a corporation previous to the rendition of the judgment in favor of the plaintiff in error against it, and that certain persons, without any warrant or authority, appeared and pleaded as attorneys for that corporation. The

petitioner assigned for error, that the corporation had ceased to exist previous to the rendition of the judgment complained of; and the defendant below, by way of plea to this assignment, averred that on the trial of his suit against the bank, the question, whether it existed as a corporation, was put in issue and determined in the affirmative; thereupon the judgment was rendered in his favor, which he is ready to verify. This plea we have seen was stricken out on motion.

It has been supposed that the dissolution of the corporation, or the forfeiture of its franchises, has the same effect upon pending suits to which it is a party, as the death of a natural person. Assuming this to be so, and we must intend that the assignment of error affirms not only that the judgment was not in fact rendered, but the record was not in such a condition as authorized the clerk to perform the mere ministerial act of entering it, when the charter was annulled; and the plea as a denial must be regarded as coextensive with the assignment. This is a clear legal conclusion, if as it has been often decided that where a plaintiff or defendant dies after an order for judgment, or a verdict returned, the judgment may be perfected. In Farley v. Lea, 4 Dev. & B. 109, the testator died in term-time, before a judgment was signed; *it was held* that it might be signed after his death, for it is to be considered a judgment of the first day of the term, at which day the testator was alive. So where the plaintiff, in trespass *quare clausum fregit*, died after verdict in his favor, and before judgment, the court will enter judgment, as of the term in which the verdict was returned.— [Goddard v. Bolster, 6 Greenl. Rep. 427.] And where the plaintiff died after a verdict in his favor; pending a motion in arrest of judgment, such judgment may be entered as of a term after verdict, while plaintiff was living. [Griffith v. Ogle, 1 Binn. Rep. 172.] In Perry v. Wilson, 7 Mass. Rep. 393, the defendant died after the continuance of the cause for advisement by the court, and judgment was rendered as of the former term. And this court has often rendered judgment where a party dies after a cause has been submitted for its decision, as of a day of the term preceding his death. Let these citations, and this view of the law suffice to define the scope of the assignment and plea.

Holford v. Alexander, assignee.

Upon a motion to quash a plea, the plaintiff is understood to admit it to be true, and deny its legal sufficiency aa an answer. Taking this to be nnquestionable, and the plea (if the petition does not,) shows that the assignment contradicts the record, in affirming that when the verdict was returned, the Planters and Mechanics Bank of Columbus had no corporate existence. This is the fact which it alledges was put in issue by the pleadings, and on which a judgment was returned against the bank.

It is not allowable on a writ of error *coram vobis*, to go behind this estoppel, and controvert the authority of the attorneys who represented the supposed corporation ; for whatever might be the result upon such an issue, it would not remove the difficulty. The record would remain unaltered, and conclude the plaintiff in error from asserting a fact which denies its verity. This conclusion seems to us so obvious a sequence from the record before us, and the authorities cited, that it requires no farther illustration.

It is laid down in the elementary books, that a writ of error can be brought by him only who was a party or privy to the record, or injured by the judgment, and who consequently will derive advantage from its reversal. Heirs, executors, administrators, reversioners, remaindermen, terre tenants, or a husband who marries after a judgment against his wife, and perhaps others, who are not parties to the proceeding sought to be revised, may join in the prosecution of a writ of error. [5 Dane's Ab. ch. 137, art. 8 ; 1 Arch. Prac. 231 ; 2 Bac. Ab. tit, Error, B , Hill's heirs v. Hill's ex'rs, 6 Ala. Rep. 166 ; Yeiser v. Stevens, 1 Bibb's Rep. 292 ; Grout v. Chamberlin, 4 Mass. Rep. 611 ; Finney v. Crawford, 2 Watts' Rep. 294; Campbell v. Smith, 2 A. K. Marsh. Rep. 118 ; Bledsoe v. Wilson, 2 Dev. Rep. 314 ; Dougherty v. Compton, 3 Smedes and M. Rep. 100.] Is an assignee *by deed*, of one of the parties to a judgment, a privy within the meaning of the rule which allows one thus situated, to prosecute a writ of error ? The view taken of the last point considered, relieves us from the necessity of answering this question, and we have merely suggested it, and cited authorities as we had them at hand, for the sake of convenience, should it become necessary to examine the point in some future case. [See further as to

37

the remedy by writ of error, *coram vobis*, in what cases it lies, the mode of proceeding, and judgment thereon—1 Arch. Prac, 234, 276 to 281 : 5 Dane's Ab. chap. 137, art. 4, § 15; Ib. art. 7 ; 2 Bacon's Ab. tit. Error, K. 2 ; Cook v. Conway, 3 Dana's Rep. 454 ; Kennedy v. Pickering, Minor's Rep. 137; Colson's ex'rs v. Wade's ex'rs, 1 Munf. Rep. 43; Dewitt v. Post, 11 Johns. Rep. 514; Arnold v. Sandford, 14 Johns. Rep. 417; Maynard v. Downer, 13 Wend. 575; Case v. Riberlin, 1 J. J. Marsh. Rep. 29.]

We have said that the defendant in error cannot have the redress he seeks by the remedy he has adopted. If the facts stated in his petition are true, it may be conceded the judgment cannot be enforced to the prejudice of his rights as assignee ; but how it is to be arrested or vacated, we need not now inquire. We have but to add, that the judgment of the county court is reversed, and if the defendant in error desires it, the cause will be remanded.