(109 App. Div. 535)

### BYRNES v. BYRNES.

·(Supreme Court, Appellate Division, First Department. December 8, 1905.)

INFANTS—FAILURE TO APPOINT GUARDIAN AD LITEM.

Failure to appoint a guardian ad litem for an infant plaintiff in a suit ·for separation is not an irregularity, within Code Civ. Proc. § 1282, requiring a motion to vacate the judgment on such grounds to be made within one year, but is an "error in fact not arising upon the trial," within sections 1283 and 1290, for which a motion to vacate may be made in two years.

Appeal from Special Term, New York County.

Action by Rose H. Byrnes against Martin P. Byrnes. From an order setting aside a judgment of separation, defendant appeals. Affirmed.

Argued before O'BRIEN, P. ·J., and McLAUGHLIN, INGRAHAM, LAUGHLIN, and HOUGHTON, JJ.

Frederick Durgan, for appellant.
William J. Martin, for respondent.

McLAUGHLIN, J. The parties hereto were married in 1902, and this action was brought to procure a judgment of separation. The answer set up a counterclaim, and asked for the same relief as that demanded in the complaint. The issues were sent to a referee to hear and determine, who; after a trial had, found in favor of the defendant, and upon his report, on the 13th of November, 1903, a final judgment of

separation was entered. At the time the judgment was entered the plaintiff was under 21 years of age and a guardian ad litem had not been appointed for her in the action. Upon this ground, on the 14th of April, 1905, by an order to show cause, she moved to vacate the judgment. The motion was granted, and defendant has appealed.

The material facts upon which the plaintiff based her motion to have the judgment vacated were not denied, viz.: That she was born on the 5th of January, 1883; that the judgment was entered November 13, 1903; that she did not become 21 years of age until the 5th of January, 1904; and that the motion to vacate was made April 14, 1905. The appellant contends that the failure to have a guardian ad litem appointed was at most an irregularity, and therefore, inasmuch as the respor lent did not move within one year after she became 21 years of age, the judgment could not, under section 1282 of the Code of Civil Procedure, be set aside.

I am of the opinion that it was more than an irregularity. It was an "error in fact not arising upon the trial" (Maynard v. Downer, 13 Wend. 575; Camp v. Bennett, 16 Wend. 48; Arnold v. Sandford, 14 Johns. 417; Peck v. Coler, 20 Hun, 534), and therefore, under sections 1283 and 1290 of the Code of Civil Procedure, a motion to vacate the judgment could be made at any time within two years from the date of its entry. Sections 1290 and 1291 of the Code of Civil Procedure provide that, if the person against whom the judgment is rendered is within the age of 21 years at the time of its entry, the time of such disability is not counted as a part of the time limited for the commencement of the proceeding for relief, except that such disability can in no case extend the time beyond five years, or more than one year after such disability ceases. Relief from judgments taken against minors for errors of fact not arising upon the trial must be applied for within one year after the minor reaches his majority, provided the two-year limitation has then expired. Matter of Executors of Tilden, 98 N. Y. 434, 443. Here the motion to vacate the judgment was made within two years from the time of its entry, and within the time prescribed in the sections of the Code cited. This being so, there was nothing for the court to do but grant the motion. The application is only to vacate the judgment, and therefore we do not decide the effect of vacating the judgment or the infancy of the plaintiff upon the other proceedings had in the action.

The order appealed from, therefore, must be affirmed, with $10 costs and disbursements. All concur.