CHARLES FRANKEL and SARAH FRANKEL, Plaintiffs, *v.* LAURA RUBIN, JOSEPH RUBIN, Father of Said LAURA RUBIN, and REBECCA RUBIN, Wife of Said JOSEPH RUBIN, Defendants.

(Supreme Court, Monroe Special Term, May, 1921.)

Mortgages — purchase money — foreclosure — infants — guardian ad litem — laches.

After the commencement of an action to foreclose a purchase money mortgage given by defendant, when she was under eighteen years of age, upon a conveyance of real estate to her by plaintiff, one to whom, between the commencement of the action and the entry of judgment, defendant had conveyed the premises under a trust agreement for her own benefit, took the defendant to a reputable attorney who interposed in their behalf an answer and the decision of the court on the trial of the issue raised by the answer of said defendants was the basis of the judgment of foreclosure and sale. Defendant having failed to inform said attorney or any other of the interested parties that she was not of age no guardian *ad litem* was appointed for her, and the action proceeded as though she was an adult. She became of age about a year after the judgment in foreclosure and nearly a year and a half later brought an action to set aside the conveyance made by her but the judgment therein rendered established that she was indebted to her grantee in an amount which included the sum advanced by him for the assignment to him of the foreclosure judgment; that he held the premises in question for the benefit of plaintiff and that she was entitled to a reconveyance

thereof upon payment by her of the sum so found due and owing, and it was specifically determined in and by said judgment that the mortgage in question here was a valid obligation and that plaintiff, having elected to retain the property, must pay its consideration. *Held,* that her motion to vacate and set aside the judgment of foreclosure and for leave to interpose an answer will be denied, and whether the failure to appoint a guardian *ad litem* for her in the foreclosure action was merely an irregularity or an error of fact not arising upon the trial, was immaterial.

The moving party having for nearly five years after she, concededly, knew all the facts, engaged in constant effort to claim the benefits and avoid the obligations of her contract, it must be held that she, in attempting nearly seven years after she became of age, to disaffirm the mortgage, did not act within a reasonable time.

MOTION to vacate and set aside judgment of foreclosure and permit a defendant to interpose an answer.

Wile, Oviatt & Gilman, for plaintiff.

Averill & Tompkins, for defendant Gordon.

William J. Malony, for defendant Laura Rubin Suckle.

SAWYER, J. On or about June 19, 1911, plaintiff sold and conveyed to the defendant Laura Rubin, she being then not quite eighteen years of age, certain lands described in the complaint herein; $1,000 of the consideration of such conveyance was paid in cash and the balance of $5,700 was secured by her bond and a purchase-money mortgage upon the premises. Miss Rubin having made default in the payment of certain stipulated installments of principal and interest, plaintiff, in the summer of 1913, elected, under the terms of said mortgage, to call the whole amount due and began action for foreclosure,

which ripened into a judgment December 19, 1913. Between the commencement of the action and the judgment defendant had conveyed the premises to one Hyman Gordon, but under an agreement which was practically a trust for her own benefit. The judgment of foreclosure and sale instead of being executed was then caused by the said Gordon to be, through an intermediary, assigned to himself, he paying the plaintiffs the full amount due and owing thereon. This foreclosure judgment was not, however, one by default, for after the commencement of the action Mr. Gordon, between whom and the defendants there seems to have been friendly relations, took defendants to the Honorable George E. Warner, a most reputable and competent attorney of the city of Rochester, who after examining the matter, interposed in their behalf an answer, and the issue so raised was tried before Mr. Justice Sutherland whose decision thereupon formed the basis for the judgment in question. Apparently the defendants failed to inform Mr. Warner, or any other of the interested parties, that the defendant Laura was not yet twenty-one years of age, for no guardian *ad litem* was appointed for her and the action proceeded as though she, as well as the other defendants, was an adult. She became twenty-one years of age on November 27, 1914, having in the month of February preceding intermarried with one Suckle. In March, 1916, nearly a year and a half after she became of age, she began an action against Mr. Gordon for the purpose of setting aside the deed she had given him; also demanding that the mortgage be adjudged void, the property restored to her possession, and that Mr. Gordon be required to account to her for its use. Issue was joined and a trial was had before Honorable Nathaniel Foote, Official Referee, upon whose decision a judgment was entered Feb-

ruary 2, 1921; that judgment in brief established that plaintiff was indebted to Mr. Gordon in the sum of $6,803.01, in which amount was included the sum which he had advanced for the assignment to him of the foreclosure judgment; that he held the premises in question for the benefit of Laura and that she was entitled to a reconveyance thereof upon the payment by her of the sum so found due and owing. It is also therein specifically determined that the mortgage in question was a valid obligation and she, having elected to retain the property, must pay its consideration. She now comes into court seeking to avail herself of the fact that no guardian *ad litem* was appointed for her in the foreclosure action and asks that, because of such omission, the judgment be vacated and she be permitted to again defend. The proposed answer, filed with the motion papers, shows that she now intends to repudiate the entire transaction, require plaintiffs to accept a reconveyance of the property, return to her all moneys paid thereon with interest, and cancel said bond, mortgage, and judgment.

I think such a motion cannot be now granted. Whether the failure to appoint for her in the foreclosure action a guardian *ad litem* was an irregularity, as was stated by Judge Foote in the action tried before him, or an error of fact not arising upon the trial, as is held in *Byrnes* v. *Byrnes,* 109 App. Div. 535, is of little consequence. Sections 1282 and 1290 of the Code of Civil Procedure limit the time when motions upon either of those grounds may be made to be one and two years respectively, while section 1291 provides that when a party is under twenty-one years of age the time of such disability not exceeding five years shall not be a part of the time so limited. Therefore, the time when under the provision of those sections this motion could be made had completely

and entirely expired at the end of two years after defendant attained her majority, or on November 29, 1916.

There is to my mind another reason, and one which reaches the very merits of the controversy, why this motion ought not to be granted. This defendant in March, 1916, had full knowledge of the entire transaction and its probable effect upon her. I am also quite convinced from the entire panorama of facts that she was equally well informed upon the subject at and before the time she became twenty-one years of age. Instead of repudiating the transaction, offering to deed back, and demanding the return of her money, and the cancellation of her indebtedness, she elected to retain and hold the benefits of her purchase, and endeavor to avoid payment of her just obligation therefor. She spent almost five years in the effort to thus obtain this property without paying her indebtedness thereon, and in the end was very justly and properly defeated. Undoubtedly she was disappointed at the outcome, but having thus elected to assert her rights under the deed, she cannot now be permitted to reject the court's judgment rendered upon her own initiative, make a new election, and institute another litigation in the hope of thereby avoiding the liability which her previous action established.

The law carefully protects the rights of infants and, even though their contracts have been fully executed, allows them a reasonable time after arriving at age to disavow same if they wish. It, however, has some regard for the rights of those dealing with infants, and especially where, as here, such dealing was apparently had with concealment of infancy upon the one side and ignorance thereof upon the other. These mutual rights require that an infant use its

legal power to disaffirm its executed contract within that reasonable time and failing to do so shall be held to full accountability for its contracts. Applying that rule to these facts I am fully persuaded that this defendant not having attempted to disaffirm her contract with plaintiffs until nearly seven years after she became of age did not act within a reasonable time. *Beardsley* v. *Hotchkiss,* 96 N. Y. 201. This is particularly so when it is remembered that for nearly five years after she, concededly, knew all the facts, she was engaged in a constant effort to claim the benefits and avoid the obligations of the contract in question. She would perhaps have been better off had she recalled and acted upon the homely old saying: " The tail goes with the hide."

The original judgment roll is made a part of the moving papers and in his brief her counsel states that this roll does not contain any affidavit of service of the summons upon her. In her own affidavit used on the motion she carefully refrains, however, from denying that such service was made, contenting herself with saying that she " does not now recall whether or not any papers in said action were ever served on " her. That she did authorize Mr. Warner to appear therein for her she does not deny; that he did appear for her and that she, with the other defendants, answered and litigated the question involved is admitted. To hold under such circumstances after all these years, with her full acquaintance with all the facts during most of them, that because of the absence from the roll of formal proof of service, and her lapse of memory, the judgment should be vacated because jurisdiction of her person was not obtained would in my thought be a travesty on justice.

Motion denied, with costs.