# Commonwealth ex rel. Rogers v. Hendricks

*R. W. Williams*, for relator.

*A. Della Porta*, contra.

GRIFFITHS, J., June 10, 1958.—This matter comes before the court on relator's amended petition for a writ of coram nobis.

On October 2, 1956, Judge Carroll, sitting without a jury, found relator guilty on two bills of indictment, nos. 384 and 385, May sessions, 1956, charging him

with the sale and possession of narcotic drugs, and sentenced him to the county prison for a term of five years on each bill, the sentences to run concurrently.

On January 3, 1958, relator filed a petition for a writ of habeas corpus and subsequently, at a hearing before the undersigned, the court, at the request of relator's counsel, agreed to treat the matter as a petition for a writ of coram nobis upon the filing of a proper petition.

This the relator has done and in such petition he alleges he now has a witness whose testimony, if offered at his trial, would have prevented his being adjudged guilty. He further alleges in his petition he did not call this witness because he did not then know his residence or place of employment and since he, himself, was incarcerated, he could not investigate his whereabouts.

An examination of the record upon which the relator was adjudged guilty reveals that police officer Leonard Kerney, no. 3804, testified that on two occasions, viz., on or about April 14 and 15, 1956, he gave defendant money and thereafter defendant sought out and shortly returned with some other person who handed over to him packets containing heroin.

In addition it appears that one Leo D'Archangelo, whom the relator describes as a casual friend, and who, according to his testimony, lived in the vicinity of Fifth Street and Girard Avenue, Philadelphia, was with the police officer on both occasions in question.

Returning now to the substance of relator's petition, he states that his witness is the hereinbefore mentioned Leo D'Archangelo who is ready to testify that the money used to make the two purchases above described passed through his hands rather than relator's as testified to by officer Kerney. In the light of this alleged "after-discovered evidence," relator urges that the court issue a writ of coram nobis and the question of his guilt or innocence be reconsidered.

We do not believe his position is well taken.

In Commonwealth v. Harris, 351 Pa. 325, 328 (1945), our Supreme Court, in setting forth the purposes of a writ of coram nobis, stated:

" 'The purpose of the writ of coram nobis is to bring before the court rendering the judgment matters of fact which if known at the time the judgment was rendered would have prevented its rendition. It lies to correct errors in fact only, and will not lie to correct errors in law, nor will it lie to permit the review of a judgment for after-discovered evidence. . . . The coverture of a woman who was not given by statute the power to sue or defend without her husband has also been held to be ground for the writ where the husband was not joined with her and such fact was not brought to the attention of the court. . . . In a criminal prosecution where the accused was forced through well founded fears of mob violence to plead guilty, it has been considered that he is entitled to relief through the writ, and the judgment of conviction may be set aside and a new trial granted. . . . The writ has been held to lie to correct such an error of fact as the conviction of a slave as a free person. [See 18 L. R. A. 840 note.] . . . The writ will not reach facts actually determined in the original proceedings. . . . [See Holford v. Alexander, 12 Ala. 280, 46 Am. Dec. 253 and note.] Where a party seeks to avail himself of the remedy of a writ of error coram nobis he must show that it was by no fault or negligence of his that the error in fact assigned was not made to appear at the former trial.' See also 16 Corpus Juris, Sec. 3118, p. 1326, State v. Calhoun (Kansas), 18 L. R. A. 838, and 3 Temple Law Quarterly 370."

And in the recent case of Commonwealth ex rel. Clancy v. Myers, 10 D. & C. 2d 550 (Delaware County, 1956), Judge Diggins, in a most comprehensive opinion dealing with the writ of coram nobis, in discussing

the circumstances under which the writ would issue, says, inter alia, on page 563:

"There must be alleged facts which did not appear of record, unknown to the court when judgment was pronounced, and which if known would have prevented the judgment, and could not have been known to the party by the exercise of reasonable diligence in time to have been otherwise presented to the court unless he was prevented from so presenting them by duress, fear or other sufficient cause."

Applying the law as here stated, it is evident that the "facts" alleged by relator are not such that could not have been known by him at the time of trial by the exercise of reasonable diligence. A reading of the notes of testimony reveals that relator was represented by competent counsel, he knew the identity and whereabouts of the witness and, indeed, if the proposed testimony of Leo D'Archangelo is true, relator knew what it would be, he, also, having been present at the two sales of drugs. Yet the record shows no effort on the part of the relator or his counsel to call D'Archangelo as a witness or to ask the court for a continuance if he was not then available to testify. In addition, relator's petition must be dismissed for yet another reason.

Police officer Kerney testified that it was the relator and not D'Archangelo to whom he gave the money. This fact has actually been determined originally and the law as set forth in Commonweatlh v. Harris, supra, is: "The writ will not reach facts actually determined in the original proceedings."

The rationale for a court's refusing to reconsider such facts is set forth in Humphreys v. State, 129 Wash. 309 (1924)', where the court in discussing the writ of coram nobis stated, page 317:

"It seems highly probably that in all cases of newly discovered evidence touching exclusively the merits of

the issue actually tried and determined there can be no relief, under any circumstances, at the hands of the court. To open the door to such inquiry would be to create a condition wherein the judgments of courts would have no finality, and thus be fruitful of greater evil than would flow from very rare cases of possible injustice, which would, however, not be beyond all cure, for if injustice results from any such condition, it is readily curable, as far as human ingenuity can safely do, upon proper showing, by a resort to the pardoning power."

Wherefore, we enter the following

*Order*

And now, June 10, 1958, relator's petition for a writ of coram nobis is dismissed.