[No. 10,101.]

## THE PEOPLE v. ELLEN DELANY.

PLEA OF GUILTY, EFFECT OF.—If the defendant pleads "guilty of the offense as charged in the indictment," and the indictment charges the offense of petit larceny committed after a previous conviction for petit larceny, the plea confesses the offense charged, which includes the previous conviction, and the defendant must be sentenced for a felony.

APPEAL from the Municipal Criminal Court of the City and County of San Francisco.

The indictment charged the defendant with petit larceny committed on the 20th day of December, 1873, and charged also four previous convictions for petit larceny in the Police Judge's Court of the City and County of San Francisco. On the 4th day of March, 1874, the defendant plead guilty. On the 6th day of March, when the defendant was called up for sentence, she asked the Court to be sentenced for petit larceny. The Court denied the request, and adjudged her guilty of a felony, and sentenced her to the State prison for two years. She appealed.

The other facts are stated in the opinion.

*C. B. Darwin*, for the Appellant, argued that the value of a plea of guilty was settled by section 1,017 of the Penal Code, and was the same as saying, guilty of the offense charged, and that the offense charged was that stated in the indictment. That the offense charged was one which had not before been tried, and was not the allegation of a former conviction. That the allegation of a former conviction

might or might not be in the indictment, and that it was not a part of the offense, but was a circumstance which increased the punishment if it was proved.

*Attorney-General Love,* for the People.

By the Court, McKINSTRY, J.:

The question herein considered arose in the Court below before the adoption of the last amendments of the Penal Code.

The indictment charges the defendant with stealing goods of the value of twenty dollars, after having been convicted of petit larcenies. The particular circumstances of the offense are stated, and consist of the prior convictions and of the facts constituting the last larceny. (Penal Code, 952.) These circumstances subject the defendant to imprisonment in the State prison, and constitute a felony. (Penal C. 17, 667–3.)

The defendant pleaded "guilty of the offense charged in the indictment." (Penal C., 1,017–1.) Appellant contends that "the offense charged consists of a statement of facts which constitute an offense, which it is not pretended has been before tried, and is stated only that it may be tried." Assuming this definition to be correct, the offense charged by this indictment is the commission of a larceny after the former convictions. Under such an indictment the defendant is not retried for former offenses, but the former convictions are made to adhere to and constitute a portion of the aggravated offense. It is a misdemeanor to commit a larceny of goods of certain value, but it is a felony for one already convicted of designated crimes to commit a like larceny.

Sections 654 and 1,158 require, where the fact of previous conviction is charged in the indictment, that the jury, if they find a verdict of guilty, shall also find whether or not the defendant has suffered such previous conviction. Considering the allegations of the indictment as constituting a single felony, there would be no doubt (except for the sections last referred to), that the plea of "not guilty" would

put in issue, and a plea of "guilty" would admit the former convictions. But the Code contains no limitation of the effect of the plea of "guilty," and since the trial Court must accept that plea (Penal C., 1,016), the construction contended for by appellant would enable a defendant to avoid the punishment for the felony by pleading, that he was guilty as charged in the indictment.

Taking the Code as a whole, we do not think that we are obliged, by mere analogy, to hold that the effect of a plea of guilty is no greater than that of a general verdict of guilty.

The felony consists both of the former convictions and of the particular larceny. If the Court had consented to such plea, the defendant could have pleaded "guilty of petit larceny," because the former convictions were a separate fact, which, taken in connection with the facts constituting the last offense, make a distinct and greater offense than that charged, exclusive of the prior convictions.

After a full consideration of the able and ingenious brief of appellant's counsel we are satisfied that the judgment should be affirmed.

Judgment affirmed.

Neither Mr. Justice CROCKETT nor Mr. Justice RHODES expressed an opinion.