[Crim. No. 1181. Department One.—December 29, 1904.]

THE PEOPLE, Respondent, v. JAMES COLEMAN, Appellant.

CRIMINAL LAW—PREVIOUS CONVICTION—INCREASED PUNISHMENT—CONSTITUTIONAL LAW—AGGRAVATED OFFENSE.—The increased punishment on account of a previous conviction of a former offense, as provided in section 666 of the Penal Code, and the proceedings to be had upon arraignment under section 988 of that code, and upon verdict, in reference to such prior conviction, under section 1158 of that code, are not violative of any provision of the constitution, state or federal. The increased punishment is not for the prior conviction, but solely for the aggravation of a second offense, which merits a greater punishment.

ID.—DISCRIMINATION—DUE PROCESS OF LAW.—Where the defendant was arraigned and tried in the same manner as any other defendant who has suffered a previous conviction is arraigned and tried, he is not discriminated against or deprived of due process of law.

ID.—PREVIOUS CONVICTION A QUESTION OF FACT—PLEADING—ISSUE—PROVINCE OF JURY.—The previous conviction is a question of fact material to the aggravated offense for which the defendant is tried,
CXLV. Cal.—39

which must be pleaded, and where issue is joined thereupon, either by plea of not guilty or by standing mute, which amounts to the same thing under the Penal Code, it must be proven as any other material fact upon the trial of the case; and it is the province of the jury to pass thereupon, under section 1158 of the Penal Code.

ID.—CONFESSION OF PREVIOUS CONVICTION—RIGHTS OF DEFENDANT.—The defendant has it in his power to avoid bringing the fact of previous conviction before the jury by confessing the same by his plea at the time of arraignment before the court.

APPEAL from a judgment of the Superior Court of Los Angeles County. B. N. Smith, Judge.

The facts are stated in the opinion of the court.

Adam Dixon Warner, for Appellant.

U. S. Webb, Attorney-General, and R. C. Van Fleet, for Respondent.

VAN DYKE, J.—This is an appeal from a judgment sentencing the defendant to fifteen years in the penitentiary for the crime of robbery, with a former conviction of robbery. The information alleged a prior conviction of robbery on the eleventh day of March, 1892, and the new offense of robbery committed on the twenty-fifth day of November, 1903. On the arraignment of the defendant he stood mute as to said prior conviction of robbery as charged in said information, and the plea of not guilty was entered on the record by the clerk, whereupon the defendant entered a plea of not guilty of robbery as charged in the information, as committed on the twenty-fifth day of November, 1903.

The appeal is taken on the ground that the defendant did not have a fair and impartial trial, as intended by the constitution of the United States and of the state of California, for the reason that the trial was conducted under the provisions of sections 666, 988, and 1158 of the Penal Code. These sections read as follows:—

"Section 666. *Second offense, how punished after conviction of former offense.* Every person who, having been convicted of petit larceny, or of any offense punishable by imprisonment in the state prison, commits any crime after such conviction, is punishable therefor as follows:

"1. If the offense of which such person is subsequently convicted is such that, upon a first conviction, an offender would be punishable by imprisonment in the state prison for any term exceeding ten years, such person is punishable by imprisonment in the state prison not less than ten years.

"2. If the subsequent offense is such that upon a first conviction, the offender would be punishable by imprisonment in the state prison for five years, or any less term, then the person convicted of such subsequent offense, is punishable by imprisonment in the state prison not exceeding ten years.

"3. If the subsequent conviction is for petit larceny, then the person convicted of such subsequent offense is punishable by imprisonment in the state prison not exceeding five years."

"Section 988. *Arraignment, how made.* The arraignment must be made by the court, or by the clerk or district attorney under its direction, and consists in reading the indictment or information to the defendant and delivering to him a copy thereof, and of the indorsements thereon, including the list of witnesses, and asking him whether he pleads guilty or not guilty to the indictment or information."

"Section 1158. *Jury may find upon charge of previous conviction.* Whenever the fact of a previous conviction of another offense is charged in an indictment or information, the jury, if they find a verdict of guilty of the offense with which he is charged, must also, unless the answer of the defendant admits the charge, find whether or not he has suffered such previous conviction. The verdict of the jury upon a charge of previous conviction may be: 'We find the charge of previous conviction true,' or 'We find the charge of previous conviction not true,' as they find that the defendant has or has not suffered such conviction."

Similar provisions have been contained in the statutes of various states for many years, and they have been uniformly sustained by the courts. (*Moore* v. *Missouri*, 159 U. S. 676.) Penal laws are not so much for the punishment of the offender as for the protection of society; and experience has shown that the persistent and hardened offender is more dangerous to society than a person who has committed but one offense, and that a severer punishment is demanded in such case, the better to protect society. Appellant's counsel in his reply brief says: "It may be admitted that the prior conviction

constitutes the subsequent violation of the law an 'aggravated offense,' for that, we may admit, is the meaning and intent and the force and effect of section 666, with which we have no quarrel.'' But he claims that this matter of aggravation is for the information of the court alone, and with which the jury has no concern and nothing to do. It may be replied to this that the former conviction is a fact, and a very important one, which constitutes or goes to make up this aggravated offense, and being a material fact in the case, necessarily it must be pleaded, and if issue be joined in reference thereto, either by plea of not guilty or by standing mute, which amounts to the same thing under the Penal Code, that material fact must be proven as any other material fact in the trial of the cause. In *People* v. *King,* 64 Cal. 340, in a like case, this court says: ''But the charge of the previous conviction which entered into and made part of the aggravated offense, was one to which the accused had the right to plead, and for which he had the right to be tried as in other cases. In such a case he is not being tried for a separate offense as intimated by appellant's counsel, but, as already stated, the fact of the former conviction is a part of the offense upon which he is being tried.'' In *People* v. *Stanley,* 47 Cal. 114,[1] it was claimed, as here, that if the punishment for the second offense be increased because of a prior conviction for another offense, the accused would be twice punished for the same offense, to which this court replies: ''The ready answer to the proposition is, that he is not again punished for the first offense, but the punishment for the second is increased, because by his persistence in the perpetration of crime he has evinced a depravity which merits a greater punishment, and hence to be restrained by severer penalties than if it were his first offense.'' It is again contended on behalf of the appellant, that it is a discrimination and destruction of the uniform operation of the general laws in the trial of a case like this, and that the jury is prejudiced in advance from the fact of the reading of the indictment charging him with the previous conviction, and that thereby defendant is compelled to be a witness against himself. To this it might be replied that the defendant has it in his power to avoid bringing before the jury the fact of a previous con-

[1] 17 Am. Rep. 401.

viction, by confessing such previous conviction at the time
of the arraignment before the court. Section 1093 of the
Penal Code directs that after the jury is impaneled and
sworn, the indictment or information is read to the jury,
"and in cases where it charges a previous conviction, and
the defendant has confessed the same, the clerk in read-
ing it shall omit therefrom all that relates to such previous
conviction."

The provisions of the Penal Code and the practice there-
under in reference to cases of previous convictions are not
in conflict with the provisions of the constitution of the
United States or of this state.

In *Moore* v. *Missouri,* 159 U. S. 676, the indictment charged
that defendant, on the eleventh day of January, 1877, in
the city of St. Louis, in the criminal court therein, was duly
convicted of the offense of grand larceny, and was sentenced
by said court to imprisonment in the penitentiary for the
term of three years, and was duly imprisoned in said peni-
tentiary accordingly, and that thereafter he committed the
offense of burglary and grand larceny on May 26, 1893. On
being arraigned he pleaded not guilty. Among the grounds
assigned on his motion for arrest of judgment was that the
first offense was not included in the last offense, but was a
separate and distinct offense, and that the statute upon which
the indictment was founded was unconstitutional and void
in that it violated the fourteenth amendment of the federal
constitution and the bill of rights of the constitution of Mis-
souri, in that it prescribed a second punishment for the same
offense, and a different punishment for different persons
for committing said offenses. The supreme court, however,
held that these contentions were untenable, that the accused
was not again punished for the same offense. "The punish-
ment is for the last offense committed, and it is rendered more
severe in consequence of the situation into which the party
had previously brought himself." (Citing with approval
*Ross's Case,* 2 Pick. (Mass.) 165; *People* v. *Stanley,* 47 Cal.
113;[1] *Plumbly* v. *Commonwealth,* 2 Met. (Mass.) 413; *John-
son* v. *People,* 55 N. Y. 512, and a great number of other cases
from various states.)

In *People* v. *Sickles,* 156 N. Y. 548, it is said in the opinion

---

[1] 17 Am. Rep. 401.

of the court: "Reason suggests that the persistent and hardened offender needs a severer punishment. The previous punishment having failed to reform him, his guilt, upon his further offending, is greater, and, being so, severer treatment is needed to compel him to reform his ways, and in furtherance of the effort to prevent crime. In enacting that, upon a conviction for a second offense, the punishment shall be one of greater severity, the legislature has acted in accordance with the dictates of a wise policy and has invaded no constitutional right. How can it be said that the defendant has not had due process of law? The statute announced the enhanced penalty, which he would incur by repeating his infraction of the laws against crime. The indictment charged him with the aggravated crime, and he was put upon his trial, under the charge of being for a second time an offender, and, therefore, liable to suffer a severer punishment. His sentence was pronounced, after he had been tried and found guilty by the verdict of a jury. The course of the administration of justice was regular in all respects. When it is said that the presumption of the defendant's innocence was destroyed by the introduction of proof of his former conviction, the proposition is based upon mere assumption, and it is the error in that assumption which affects the appellant's argument. The statute has not abrogated the rule as to the presumption of innocence."

The scope and meaning of the fourteenth amendment to the constitution were considered in *In re Kemmler*, 136 U. S. 436. The supreme court says in that case: "The fourteenth amendment did not radically change the whole theory of the relations of the state and federal governments to each other, and of both governments to the people. The same person may be at the same time a citizen of the United States and a citizen of a state. Protection to life, liberty, and property rests primarily with the states, and the amendment furnishes an additional guaranty against any encroachment by the states upon those fundamental rights which belong to citizenship, and which the state governments were created to secure. The privileges and immunities of citizens of the United States, as distinguished from the privileges and immunities of citizens of the states, are indeed protected by it; but those are privileges and immunities arising out of the nature and essential

character of the national government, and granted or secured by the constitution of the United States.'' (Citing a number of former decisions by the same court.) And again in *Leeper v. Texas*, 139 U. S. 467, it is said: ''That by the fourteenth amendment the powers of states in dealing with crime within their borders are not limited, except that no state can deprive particular persons, or classes of persons, of equal and impartial justice under the law; that law in its regular course of administration through courts of justice is due process, and when secured by the law of the state the constitutional requirement is satisfied; and that due process is so secured by laws operating on all alike, and not subjecting the individual to the arbitrary exercise of the powers of government unrestrained by the established principles of private right and distributive justice.'' (Citing a number of cases.)

The defendant in this case, as appears from the record, was arraigned and tried in the same manner as any other defendant who has suffered a previous conviction is arraigned and tried, and therefore he was not discriminated against or deprived of due process of law, as shown by the decisions already cited and many others from the various states that might be cited to the same effect.

Judgment affirmed.

Angellotti, J., and Shaw, J., concurred.