[S. F. No. 13001. In Bank.—January 29, 1929.]

H. A. CAVASSA, Appellant, v. E. T. OFF et al., Respondents.

Pardini & Scampini and H. Albert George for Appellant.

U. S. Webb, Attorney-General, and Charles A. Wetmore, Jr., for Respondents.

CURTIS, J.—This proceeding was originally instituted in the superior court of the city and county of San Francisco. The petitioner is a registered licentiate in pharmacy under the laws of this state, and the respondents, other than the respondent Zeh, constitute the California State Board of Pharmacy, and the respondent Zeh is the secretary of said board. This action was brought for the purpose of prohibiting the respondents from revoking or canceling the license of petitioner or his registration as a licentiate in pharmacy.

It appears from the record before us that the California State Board of Pharmacy served written notice upon the petitioner to appear before said board and show cause why his registration as a licentiate in pharmacy should not be canceled because of petitioner's conviction for the third

time of the violation of the provisions of the act of the legislature of the state of California to regulate the practice of pharmacy in the state of California, approved March 20, 1905 (Deering's General Laws 1923, Act 5886), and the acts amendatory thereto. Said notice was as follows:

"California State Board of Pharmacy.

"San Francisco, California, July 24, 1926.

"Harry A. Cavassa,

"Peninsula Drug Company,

"Colma, California.

"Dear Sir:

"You are hereby notified to appear before the California State Board of Pharmacy at its office in the State Building, San Francisco, California, on the 30th day of July, 1926, at the hour of two o'clock p. m. on said day then and there to show cause if any you may have why your registration as licentiate in pharmacy, Certificate No. 4146, should not be by this Board cancelled because of your conviction the third time of a violation of the provisions of the Act of the Legislature of the State of California to Regulate the Practice of Pharmacy in the State of California, approved March 20th, 1905, and the acts amendatory thereto. It appears from the official records of the Justices Court of the First and Second Townships, County of San Mateo, State of California that you were convicted of a violation of the said act on March 16th, 1923, and that you suffered a second conviction of a violation of the provisions of said act on March 17th, 1925, and a third conviction for a violation of the provisions of said act on December 16th, 1925.

"By order of the California State Board of Pharmacy.

"LOUIS ZEH, Secretary."

Petitioner, instead of appearing before said board in response to said notice, instituted this proceeding, claiming that said board of pharmacy was without jurisdiction to revoke or cancel his license to practice pharmacy upon any ground set forth in said notice. The respondents appeared in said proceeding and, after an answer was filed by them to petitioner's petition, the matter came on for trial. At the trial there was no dispute as to the facts, but the sole controversy was as to the power of the board of pharmacy to revoke petitioner's license to practice pharmacy on the

ground that he had been convicted for the third time of the violation of the provisions of the act of the legislature regulating the practice of pharmacy in this state. The trial court gave judgment for the respondents and petitioner has appealed. There is but one question before this court on this appeal, and it is the same question that was presented to the trial court at the hearing of said cause in said court, and that is whether the California State Board of Pharmacy is authorized to revoke and cancel petitioner's license to practice pharmacy in the state of California upon the ground that petitioner had been convicted for the third time of the violation of said act of the legislature.

The divergent views of the parties hereto are in the main due to the different constructions placed by them upon various sections of said act relating to the powers of said board to revoke and cancel a license issued to a registered pharmacist. By section 7 of said act the powers and duties of said board are defined. By subdivision (i) of said section it is provided that said board shall have power "To provide by proper rules and regulations for the revocation by said board of licenses issued under the provisions of this act, whenever the holder of such license shall be guilty of habitual intemperance or addicted to the use of narcotic drugs or shall have been convicted of a felony." It is apparent that the board of pharmacy, under the provisions of subdivision (i) of section 7 of said act, has no power to revoke a license issued by it except for one of the causes set forth in this subdivision of said section 7, and conviction for a third time of a violation of the provisions of said act is not one of said causes. Section 9 of said act provides for the revocation of a pharmacist's license upon his failure to pay the annual fee required to be paid by all holders of licenses from the state board of pharmacy. It is equally clear that this section gives no power to said board to revoke petitioner's license on the ground set forth in said notice served upon petitioner.

The only other sections of said act which, by any possible construction or interpretation, might be held to empower the board of pharmacy to proceed against petitioner under said notice served upon him are sections 6 and 12 of said act. They are, in part, as follows: Section 6. "It shall be the duty of the secretary of the board to erase from the

register the name of any registered pharmacist or assistant pharmacist . . . who in the opinion of the board has forfeited his right under the law to do business in this state.'' Section 12. " . . . any person violating any of the provisions of this act, when no other penalty is provided, shall be deemed guilty of a misdemeanor, and upon conviction thereof shall be liable to punishment by a fine of not less than twenty dollars, and not more than one hundred dollars, or by imprisonment of not exceeding fifty days, or by both such fine and imprisonment. All fines recoverable under this act shall be paid by the magistrate receiving the same to the state board of pharmacy. Any person convicted of violating the provisions of this act the third time shall in addition to the penalties hereinbefore mentioned have his or her registration as a pharmacist cancelled.''

Respondents contend that under these sections of the act the board of pharmacy is authorized to proceed under the notice served upon petitioner and cancel his name from the list of registered pharmacists on file in the office of said board. This contention is stated in the brief of the attorney-general, representing the respondents herein, as follows: ''In our view of the matter, section 12 of the act itself *revokes the license* of a pharmacist who has been convicted of violating the provisions of the Pharmacy Act the third time, and the requirement that the registration of such pharmacist be cancelled calls for nothing more than a ministerial act upon the part of the board, and its provisions are mandatory.'' To a certain extent we are in agreement with the position taken by the attorney-general, as set forth in the above excerpt from his brief. ▮ Undoubtedly under section 12 of the act the license of a registered pharmacist may be revoked, as provided in said section, and when so revoked or canceled the name of the pharmacist may be erased from the list of registered pharmacists. ▮ In order, however, for a license to be revoked there must be some board, or court, or other power, vested with authority to declare and order such revocation. In whom is the power of revocation provided for in section 12 lodged by the terms of said section? Has the board of pharmacy or the court in which the defendant is convicted this power to declare the license revoked? An examination of the provisions of section 12 of said act convinces us that

it was the intention of the legislature in the enactment of said section to provide that a revocation or cancellation of a license for the third conviction was a part of the penalty to be inflicted upon the defendant by the court in which such judgment of conviction was rendered, and that said section does not in any way attempt to authorize the revocation of a license by the board of pharmacy upon the third conviction of the holder thereof. Not only by its caption, but by its context, this section refers to the *penalty* to be suffered by one violating the provisions of said act. In other words, section 12 of the act contains the penal provision enacted for the purpose of making more effective the terms and provisions of said act, and without which the whole act might become exceedingly difficult of enforcement. It provides that any person violating the provisions of said act shall be guilty of a misdemeanor and then proceeds to prescribe the punishment, not only for a single conviction under said act, but for subsequent convictions, and finally provides that: "Any person convicted of violating the provisions of this act the third time shall in addition to the penalties hereinbefore mentioned have his or her registration as a pharmacist cancelled." It is perfectly clear from the reading of said section as a whole that it relates to and concerns exclusively proceedings instituted to enforce the penal provisions of said act, and when it provides for the cancellation of a pharmacist's license for a third violation it is dealing with the power of the court in which such third conviction is had and not with the power of the board of pharmacy to cancel said certificate. It is not contended that the court in which petitioner suffered his third conviction directed or ordered the cancellation of petitioner's license. It is true that section 12 is mandatory in this respect, the exact wording being "shall in addition to the penalties hereinbefore mentioned have his or her registration as a pharmacist cancelled," but this language of the statute must be considered in connection with other provisions of the law applicable to the power of a court to impose an increased penalty upon a person convicted of crime by reason of the fact that he had prior thereto suffered one or more convictions. The court in which the petitioner was found guilty of violating the provisions of said act for the third time, as just stated, did not order the

cancellation of petitioner's license. ■ We doubt under the facts as shown by the record whether it had any authority to include such order in its judgment of conviction. There was no legal showing made before said court that the judgment of conviction rendered therein was the third conviction of petitioner. It is not shown that the fact of petitioner's prior convictions was either alleged in the complaint in said action or that any proof was offered before said court of the fact of petitioner's prior convictions. It is well established in this state, where a prior conviction is relied upon for the purpose of empowering a court to inflict an increased penalty upon a defendant, that the indictment or complaint must allege the prior conviction and upon the trial, unless admitted, such prior conviction must be proven by competent evidence (*People* v. *Delany,* 49 Cal. 394; *People* v. *Coleman,* 145 Cal. 609, 612 [79 Pac. 283]). In the Coleman case this court said: "The former conviction is a fact, and a very important one, which constitutes or goes to make up this aggravated offense, and being a material fact in the case, necessarily it must be pleaded, and if issue be joined in reference thereto, . . . must be proven as any other material fact in the trial of the cause." Therefore the court in which petitioner was convicted of the third offense had no power to enter an order canceling his license, even if it had attempted to do so, by reason of the fact that it was neither alleged nor proven that petitioner had prior thereto been twice convicted of a violation of said act.

■ The provisions of section 12, providing for a cancellation of a pharmacist's license upon his third conviction is highly and strictly penal in its nature and should, therefore, receive a strict construction. In the case of *Schomig* v. *Keiser,* 189 Cal. 596, 598 [209 Pac. 550, 551], in construing a provision of the Real Estate Broker's Act (Stats. 1919, p. 1256) relative to the power of the state real estate commissioner to revoke the license of a real estate broker, this court, in an opinion written by Chief Justice Shaw, held that: "The portion of the act which authorizes the real estate commissioner to forfeit the license of a broker or salesman and take it away from him is highly penal in its nature, and should not be construed to include anything which is not embraced within its terms." We think this

same rule should apply with equal potency with reference to the terms of the act before us providing for the forfeiture of a license held by a registered pharmacist. In our opinion section 12 of the act relates only to the authority of the court in which the third conviction may be had, giving it power to revoke the license of a registered pharmacist upon his third conviction, and it should not be construed to give to the board of pharmacy this same power, as there is nothing in the section, or in any other part of the act, which directly or by reasonable implication confers such power upon said board.

We think it reasonably appears from the provisions of said act, and particularly from subdivision (i) of section 7 of said act and from section 7 of said act, above referred to, that it was not the intention to give to said board of pharmacy power to revoke the license of a registered pharmacist upon his third conviction of the violation of the terms of said act. In said subdivision (i) it is set forth that the board shall have power to provide proper rules and regulations for the revocation by said board of licenses issued by it "whenever the holder of such license shall be guilty of habitual intemperance or addicted to the use of narcotic drugs or shall have been convicted of a felony." Had it been intended to vest said board with power to revoke a license for the third conviction of a holder thereof of the violation of said act, it would seem that such power would have been included in subdivision (i) of said section 7. The well established rule, *expressio unius est exclusio alterius,* would seem to apply in the construction of this provision of the act. The same may be said regarding section 9 of said act, giving power to the board to revoke a license for the nonpayment of license fee. In these two sections of the act four instances are specified in which a license may be revoked by the board of pharmacy. The express mention of these four instances in which the board may revoke a license under the act would seem, under the rule above announced, to exclude any other instance not included therein.

The right of a person to practice the profession for which he has prepared himself is property of the very highest character (*Hewitt* v. *Board of Medical Examiners,* 148 Cal. 590 [113 Am. St. Rep. 315, 7 Ann. Cas. 750, 3

L. R. A. (N. S.) 896, 84 Pac. 39]). Due to the severe and exacting tests, now generally required before a person can legally follow a profession at the present day, this right can only be acquired after years of arduous effort and closest application. It is generally the only means of the holder thereof whereby he may support himself and family and it usually affords such holder the best opportunity to become a useful and sustaining member of the community in which he resides. This right should not be taken from one who has thus acquired it, except upon clear proof that he has forfeited the same, and then only in strict conformity to the statute authorizing its forfeiture. We are satisfied, for the reasons given herein, that the board of pharmacy has no authority under the proceedings instituted by it to revoke petitioner's license, nor to cancel or erase his name from the list of registered pharmacists kept by it in the office of its secretary.

The judgment is therefore reversed.

Shenk, J., Seawell, J., Langdon, J., Waste, C. J., and Preston, J., concurred.

Richards, J., dissented.