[Crim. No. 3339.   Second Appellate District, Division One.—August 6, 1940.]

THE PEOPLE, Respondent, v. DOUGLAS LESTERJETTE et al., Defendants; AL H. THOMPSON et al., Appellants.

Morris Lavine for Appellants.

Earl Warren, Attorney-General, and Bayard Rhone, Deputy Attorney-General, for Respondent.

WHITE, J.—In an information containing nine counts of robbery, the appellants herein, Al H. Thompson and John R. Thompson, were jointly charged in each count of the information with the other defendants with the crime of robbery. Following the original entry of pleas of not guilty, appellants thereafter, by consent of the court, withdrew such pleas as to counts 4 and 9 and thereupon entered pleas of guilty. Appellants were permitted to file an application for probation, so that all the facts might be brought to the attention of the court, and by stipulation it was agreed that from the facts contained in the transcript of the preliminary examination, coupled with the facts narrated in the report of the probation officer, the court might fix the degree of the respective crimes. The remaining counts of the information were dismissed. Upon consideration, the trial court found that the robberies to which each of the appellants herein had entered a plea of guilty were of the first degree, and further found that each of the appellants was armed with a deadly weapon at the time of the commission of the offenses to which they and each of them had pleaded guilty. This appeal is from the jugdment entered.

The single point urged on appeal is that the judgment should be modified by striking therefrom the finding of the court that appellants were armed with a deadly weapon at the time of the commission of the offenses. In support of their

contention appellants assert, and the attorney-general admits, that the information contained no allegation whatsoever that appellants, or any of the other defendants, were armed with deadly weapons, by reason of which, it is argued, the trial court was without authority to make a finding thereon or to include in the judgments any such finding. In this claim appellants must be upheld. Section 969c of the Penal Code provides that whenever a defendant is armed with a deadly weapon "the fact that the defendant was so armed shall be charged in the indictment or information or complaint". This section further provides that "the nature of the weapon must be set forth . . . ". It is further provided in said section that where, as in the instant case, "the defendant pleads guilty to the offense charged, the question of whether or not he was armed *as alleged* must be determined by the court before pronouncing judgment". Manifestly, in order to put in issue the question of whether a defendant is armed with a deadly weapon such allegation must be pleaded in the complaint, information or indictment. Unless the question of whether a defendant was so armed is raised by the pleadings, there is no issue to "be determined" by the court following a plea of guilty. Undoubtedly for that reason the legislature ordained in the aforesaid section that "this charge shall be added and be a part of the indictment or information or complaint which charges the offense . . . ".

In the case now before us it appears that when one of defendants' counsel indicated his desire to be heard upon the question of whether defendants were armed with a deadly weapon in contemplation of law, the court said, "There is no such allegation in the information", and a careful reading by us of the reporter's transcript gives no indication that any evidence whatsoever was received by the court on the issue of whether the defendants were armed with a deadly weapon. Nevertheless, the court determined and incorporated in the judgment a finding that each appellant was "armed with a deadly weapon at the time of the commission of the offense". Undoubtedly, if the district attorney had been prepared to prove that appellants were so armed he would have included in the information an appropriate allegation thereof. Not having pleaded that appellants or any of their codefendants were armed with a deadly weapon at the time of the commission of the offense, and no evidence having been offered in support

of such issue, the court's finding thereon is without legal justification and must be eliminated from the judgment. ■ Moreover, subdivision 2 (e) of section 1168 of the Penal Code, commonly known as the indeterminate sentence law, provides that minimum penalties therein provided for in cases where a defendant is armed with a deadly weapon at the time he commits an offense shall apply ''only when such possession of a deadly weapon . . . has been charged and . . . found to be true in the manner provided by law''. When, therefore, the finding appears in the judgment, the Board of Prison Terms and Paroles is thereby authorized to assume, in fixing the added penalty therefor, that the fact that the prisoner was armed with a deadly weapon at the time of the commission of his offense was properly pleaded and competently proved.

In *Cavassa* v. *Off*, 206 Cal. 307, 313 [274 Pac. 523], our Supreme Court says: ''It is well established in this state, where a prior conviction is relied upon for the purpose of empowering a court to inflict an increased penalty upon a defendant, that the indictment or complaint must allege the prior conviction and upon trial, unless admitted, such prior conviction must be proved by competent evidence. (*People* v. *Delany*, 49 Cal. 394; *People* v. *Coleman*, 145 Cal. 609, 612 [79 Pac. 283].) In the Coleman case this court said: 'The former conviction is a fact, and a very important one, which constitutes or goes to make up this aggravated offense, and being a material fact in the case, necessarily it must be pleaded, and if issue be joined in reference thereto . . . must be proven as any other material fact in the trial of the cause.' '' Inasmuch as the provisions governing allegation and proof of prior convictions are interwoven with and part and parcel of sections 969c and 1168 of the Penal Code, the former of which provides in like manner for alleging and proving the fact that a defendant was armed with a deadly weapon at the time of the commission of the offense with which he is charged, we hold that in the instant case the court had no power to declare in the judgment that appellants were armed with a deadly weapon at the time they committed the offenses to which they pleaded guilty. This by reason of the fact that concededly such fact was neither alleged nor proven.

■ The provisions of sections 969c and 1168 of the Penal Code, providing for increased penalties when a defendant is armed with a deadly weapon in the commission of an of-

fense, are highly penal in their nature, and should therefore receive a strict construction.

For the foregoing reasons, it is ordered that the judgment entered herein be modified by striking therefrom the words, "and the court having found that defendant was armed with a deadly weapon at the time of the commission of the offense". As so modified, the judgments are affirmed.

York, P. J., and Doran, J., concurred.