Appellate Department, Superior Court, Los Angeles

[Crim. A. No. 2048.   Nov. 30, 1944.]

THE PEOPLE, Appellant, v. ABRAHAM S. RATNER, Respondent.

Ray L. Chesebro, City Attorney, Donald M. Redwine, Assistant City Attorney, and John L. Bland, Deputy City Attorney, for Appellant.

Stanley Moffatt for Respondent.

BISHOP, J.—This is an appeal by the People from an order dismissing a complaint which declared, first, that the defend-

ant, on or about the 8th day of October, 1943, had violated section 476 of the Vehicle Code by not stopping his vehicle when he was faced by a traffic control signal which told him to stop, and, second, that within the year the defendant had been convicted of disobeying that same section. The reason given by the trial court for its order of dismissal, and the only argument presented in its defense on this appeal, is that the reference to the prior conviction rendered the complaint defec-- tive. We have concluded that it was proper to plead the prior conviction and that the complaint should not have been dismissed.

The act alleged to have been committed by the defendant is made a misdemeanor by section 450 of the Vehicle Code. It is punishable, according to section 762 of the same code, by a fine not exceeding fifty dollars [$50] or by imprisonment in the county jail for not exceeding five days," if a first offense, "and for a second conviction within a period of one year by a fine of not exceeding one hundred dollars [$100] or by imprisonment in the county jail for not exceeding ten days or by both such fine and imprisonment." Neither in the Vehicle Code nor elsewhere in the statutory law of this state, so far as we are aware, is there any direction respecting either the necessity for, or the propriety of, pleading the prior conviction. We must look, therefore, to the principles of the common law for our answer. (*In re Hudspeth* (1929), 100 Cal.App. 478 [280 P. 179].)

We find that by the great weight of authority the rule is established that where it is desired to charge the defendant with an offense which is punishable more severely because of a prior conviction, the fact of the prior conviction is an essential element of the pleading by which the offense is charged. This statement appears in *Massey* v. *United States* (C.C.A. 8th Circuit, 1922), 281 F. 293, 297: "Statutes providing for greater punishment of second or subsequent offenses by the same person have long been in force in this country and in England (*Graham* v. *West Virginia*, 224 U.S. 616, 623, 32 S.Ct. 583, 56 L.Ed. 917), and are to be found in the legislation of nearly every state in the Union. It is the established rule, under such statutes, unless the statute designates a different mode of procedure, that, if the prosecutor desires to invoke the severer punishment provided as to second or subsequent offenders, the indictment or information must allege the fact of the prior conviction, and the allegation

of such conviction must be proved in the trial to the jury."
Some forty-five authorities were cited in support of the state-
ment and more may be found in *State* v. *Scheminisky* (1918),
31 Idaho 504 [174 P. 611, 612], and the annotations in 58
A.L.R. 64, 82 A.L.R. 366, 116 A.L.R. 229, 132 A.L.R. 107,
139 A.L.R. 689.

Out of the plethora of cases at hand from sister states we
limit our attention to four early ones involving misdemeanors.
The earliest of these is *Rauch* v: *Commonwealth* (1876), 78
Pa. 490, where the Supreme Court of Pennsylvania had before
it an appeal from a judgment of imprisonment imposed for
the unlawful sale of liquor. The penalty authorized by law
was only a fine for the first offense; a jail sentence was author-
ized only in the event that the conviction was for a second
offense. These words from the opinion give some additional
facts and reveal the reasons for the rule which governs:
"These indictments set forth no former conviction for selling
liquors contrary to law, yet the court, upon its own knowledge
of its records, sentenced the defendants to imprisonment in
the county jail as upon a conviction of a *second* offence.

"This raises a serious question, whether a defendant can be
made to suffer the greater punishment due to a second offense,
without a trial, on being called on to answer for a second
offence? That in cases of felony he cannot is proved by the
case of *Smith* v. *Commonwealth,* 14 S.&R. 69. There the
sentence for a punishment due to a second offence was re-
versed, on the ground that the fact of jundgment for the
former offence did not appear in the indictment. It was held
that this must be part of the record. But it is contended
that this rule does not apply to misdemeanors. It is hard
to discover any solid ground of distinction. . . .

"As a general principle the punishment inflicted upon a
citizen for any offence should appear by the record to be the
lawful consequence of his conviction of that offence. Now,
imprisonment in jail is not a lawful consequence of a mere
conviction for an unlawful sale of liquors. It is the lawful
consequence of a second sale only after a former conviction.
On every principle of personal security and the due adminis-
tration of justice, the fact which gives rightfulness to the
greater punishment should appear in the record. To leave
to a judge to determine it outside of the record is to subject
the defendant to an unconstitutional mode of trial. The
right to a trial of a material fact, to constitute his offence, by

his peers, is one of the fundamental rights of the citizen, excepted out of the power of the legislature to impair or destroy. The opposite argument is that the setting forth of the former conviction would prejudice the defendant in his trial. But clearly the substantive offence, which draws to itself the greater punishment, is the unlawful sale after a former conviction. This, therefore, is the very offence he is called upon to defend against. He cannot complain if, after suffering a former conviction and sentence, he commits a second offence of the same kind. Besides, if he desires no trial upon the question of a former conviction, a court will take care of his interests, and see that he is not unduly prejudiced. The court below therefore erred in passing sentence of imprisonment as for a second offence.''

An appeal from the Criminal Court of Baltimore City gave rise to the case of *Maguire* v. *State* (1877), 47 Md. 485. The defendant had been charged in three counts with selling, disposing of and giving away whiskey on the Sabbath day, and it was also alleged in each count that it was the defendant's second offense. In the course of its reply to the contention that the reference to the prior conviction should not have been read to the jury, the court said (p. 496) : ''The law would seem to be well settled, that if the party be proceeded against for a second or third offence under the statute, and the sentence prescribed be different from the first, or severer, by reason of its being such second or third offence, the fact thus relied on must be averred in the indictment; for the settled rule is, that the indictment must contain an averment of every fact essential to justify the punishment inflicted.'' (Citing English cases among other authorities.)

The opinion in *Larney* v. *City of Cleveland* (1878), 34 Ohio St. 599, 600, dealt with a judgment, rendered by the Police Court of the City of Cleveland, imposing a fine of $50 and sentencing the defendant to six months' imprisonment. This short quotation will suffice: ''Under the ordinance, six months' imprisonment can be imposed only upon conviction of the third, or subsequent, violation of the ordinance, and in order to support such sentence, the information should show that, at least two previous violations of the ordinance had been committed by the defendant. The rule, and the principle upon which it is founded, are well stated by Mr. Bishop: 'Where the offense is the first, or is prosecuted as such, the indictment need not charge it to be the first, for this

is presumed. But if it be the second or third, and the sentence is to be heavier by reason of its being such, the fact thus relied on must be averred in the indictment; because, by the rules of criminal pleading, the indictment must always contain an averment of every fact essential to the punishment to be inflicted.' See 1 Bish.Cr.L., 6th ed., sec. 961, and cases there cited. The same rule applies to an information.''

In *Commonwealth* v. *Harrington* (1880), 130 Mass. 35, we find statutory law entering into the picture. The only question in this case,'' the Supreme Judicial Court noted, ''is whether a male person who is convicted on a complaint for drunkenness, which does not allege two previous convictions of a like offence within a year, can be sentenced to any greater penalty than the payment of a fine of one dollar, which is the penalty imposed by the St. of 1880, c. 221, sec. 1.'' Section 2 of the statute provided that when such person ''is convicted of the offence of drunkenness, and it is proved that he has been convicted of a like offence twice before within the next preceding twelve months, he may be punished by a fine not exceeding ten dollars, or by imprisonment in any place now provided by law for common drunkards, for a term not exceeding one year.'' The statute continued with this declaration: ''. . . it shall not be necessary in complaints under the act to allege such previous convictions.'' The trial court, in receiving evidence of previous offenses and in sentencing the defendant following his conviction, ruled ''in strict conformity'' to section 2. This, it was held, was error, the court stating (p. 36): ''It is provided by art. 12 of the Declaration of Rights that no subject shall be held to answer for any crimes or offence until the same is fully and plainly, substantially and formally, described to him. When a statute imposes a higher penalty on a third conviction, it makes the former convictions a part of the description and character of the offence intended to be punished. [Citing cases.] It follows that the offence which is punishable with the higher penalty is not fully and substantially described to the defendant, if the complaint fails to set forth the former convictions which are essential features of it. That clause of the statute, therefore, which provides that it shall not be necessary, in complaints under it, to allege such previous convictions, is inoperative and void, as being contrary to the provisions of the Declaration of Rights.''

Among the many authorities cited by the federal court in

support of the statement we quoted from *Massey* v. *United States,* there appear *People* v. *King* (1883), 64 Cal. 338 [30 P. 1028], and *People* v. *Coleman* (1904), 145 Cal. 609 [79 P. 283]. Not only do these cases support the rule that the prior conviction must be pleaded, if it is to be taken advantage of following conviction, but a later case, that of *Cavassa* v. *Off* (1929), 206 Cal. 307 [274 P. 523], is of particular interest to us, because even with the added penalty the offense under consideration remained a misdemeanor. The action was one to prohibit the State Pharmacy Board from cancelling petitioner's certificate. The statute regulating the practice of pharmacy provided that in the event of a third conviction for its violation the penalty should be the cancellation of the offender's registration as a pharmacist, in addition to the punishment authorized upon the first and second conviction. In the course of its opinion, in which the conclusion was reached that the Pharmacy Board had no authority to cancel petitioner's registration, the Supreme Court said (pp. 312, 313): "The court in which the petitioner was found guilty of violating the provisions of said act for the third time, as just stated, did not order the cancellation of petitioner's license. We doubt under the facts as shown by the record whether it had any authority to include such order in its judgment of conviction. There was no legal showing made before said court that the judgment of conviction rendered therein was the third conviction of petitioner. It is not shown that the fact of petitioner's prior convictions was either alleged in the complaint in said action or that any proof was offered before said court of the fact of petitioner's prior convictions. It is well established in this state, where a prior conviction is relied upon for the purpose of empowering a court to inflict an increased penalty upon a defendant, that the indictment or complaint must allege the prior conviction and upon the trial, unless admitted, such prior conviction must be proven by competent evidence (*People* v. *Delany,* 49 Cal. 394; *People* v. *Coleman,* 145 Cal. 609, 612 [79 P. 283]). In the Coleman case this court said: 'The former conviction is a fact, and a very important one, which constitutes or goes to make up this aggravated offense, and being a material fact in the case, necessarily it must be pleaded, and if issue be joined in reference thereto, . . . must be proven as any other material fact in the trial of the cause.' "

It may be that the statement just quoted is dictum. Even

so, it is a correct expression of a rule which we find to be both established by authority and supported by the requirements, probably of due process, certainly of that fair play which we pride ourselves is characteristic of our administration of justice. One who is threatened with a more severe penalty because the People contend that his offense is not his first, should be given an opportunity to know of it, and govern himself accordingly. If he acknowledges the existence of a prior conviction and fears that the trier of fact will be prejudiced by it, an admission of its existence before a trial to a jury begins avoids the danger. The conclusion to this effect found throughout the cases, is now embodied in the code governing proceedings in the trial court. (Pen. Code, § 1461a, adopting by reference at least the concluding sentence of Pen. Code, § 1025.)

For the reasons given, the order appealed from is reversed.

Shaw, P. J., and Kincaid, J., concurred.