The State v. Bain.

Filed Nov. 28, 1887.

———————◆———————

No. 13,759.

THE STATE *v.* BAIN.

CRIMINAL LAW.—*Adultery.—Fornication.—Joint Offence.— Acquittal of One Defendant Discharges the Other.*—Adultery or fornication is the joint offence of both the participating persons, and if one shall be acquitted the other must be discharged.

SAME.—*Prosecuting Attorney.— Void Agreement to Discharge Defendant.—Plea in Abatement.*—An agreement between the prosecuting attorney, with the approval of the court, and one charged with adultery or fornication, that if the latter shall give bond for his appearance from time to time, support his family and conduct himself with propriety, the cause shall be continued until a subsequent term of court, and such defendant then discharged, is unauthorized and void, and a plea in abatement by the other defendant founded thereon is bad, unless the agreement has been so far executed as to have resulted in the legal discharge or acquittal of the defendant with whom it is made.

From the Huntington Circuit Court.

*L. T. Michener,* Attorney General, *E. C. Vaughn,* Prosecuting Attorney, *J. H. Gillett* and *R. C. Griffith,* for the State.

*B. M. Cobb* and *C. W. Watkins,* for appellee.

Howk, J.—The affidavit and information herein, filed in the court below on the 2d day of April, 1887, charged, in substance, that appellee, Sarah H. Bain, on the 1st day of January, 1887, at Huntington county, in this State, did then and there, and on divers other days and times, as well before as after that date and previous to this presentment, at and in the county and State aforesaid, she, appellee, a single woman, and Frazy E. Low, at the times aforesaid, then and there having a lawful wife living, and at all of said times she, Sarah H. Bain, and Frazy E. Low, not being married to each other, did then and there during said times, unlawfully live and cohabit together as man and wife, as Alzina Low had complained on oath, contrary to the form of the statute, etc.

Appellee answered specially, under oath, by what is called her plea in abatement herein; and to this answer or plea the State demurred, upon the ground that it did not state facts sufficient to constitute a legal bar to this prosecution, or, in any way, to abate the same.    This demurrer was overruled by the court, and to this ruling the State at the time excepted; and the State refusing to reply or plead further, it was adjudged by the court that appellee go thence without day, upon her plea in abatement.

From this judgment the State appeals to this court and has here assigned as error the overruling of its demurrer to appellee's answer or plea in abatement.

In her answer or plea, appellee said that the State ought not to have or maintain this prosecution against her, because she is charged with having committed the offence of adultery and fornication with one Frazy E. Low; and she averred that, at the January term, 1887, of the court below, said Frazy E. Low was presented therein by information and affidavit charging him with adultery and fornication with appellee herein; that the acts and circumstances, and all the evidence whereby the State expected to convict appellee in this cause, were the same as, and no other than, those which

the State relied on for the conviction of said Frazy E. Low at the January term, 1887, as aforesaid; that at such January term, 1887, the State by its prosecuting attorney, with the permission of the court below, agreed that if Frazy E. Low would give a bond in the sum of fifty dollars for his appearance from time to time whenever the State should require, that he should support his wife and family, and be guilty of no acts of impropriety with appellee herein or others, and conduct himself as an industrious and orderly citizen, then such cause should be continued until the October term, 1887, of the court below, and at such term he, Low, should be discharged and wholly released from said charge.

Appellee further averred, that said Low duly filed with the clerk of such court the sum of fifty dollars in money as his bond; that since said time he, Low, had worked wherever the road for which he was employed had called on him, and had put in all the time he could; that he, Low, had not been guilty of any acts of adultery or fornication with appellee herein, nor with any one else, of appellee's knowledge, since said time; and that he, Low, had been acting in good faith with the State in such matter; that appellee herein, since said agreement was so made, had been guilty of no acts of impropriety with him, Low. Wherefore appellee said that this prosecution against her ought to abate until he, Low, should violate his agreement with the State.

Are the facts stated in appellee's answer or plea herein, the substance of which we have given, sufficient to constitute a legal bar to the State's cause of action, or to abate merely the pending prosecution? The court below held, as we understand the record now before us, that the facts stated in such answer or plea, admitted to be true by the State's demurrer as the case is now presented here, are sufficient merely to abate the pending prosecution. In other words, the court below held, as we understand its decision, that, pending the agreement between the State and Frazy E. Low, and prior to

any violation thereof by Low, the State can not prosecute appellee, Sarah H. Bain, for her participation in the same adultery or fornication which was the subject-matter of the aforesaid agreement. If such agreement was valid and binding on the State—that is, if it was such an agreement as the prosecuting attorney, with the approval of the proper court, might lawfully make in the disposition of a pending prosecution—then, it can not be doubted, as it seems to us, that the ruling of the lower court on the State's demurrer to the answer or plea herein, as we have stated such ruling, was surely not erroneous, but was clearly right. The State is, and ought to be, more interested in the reformation than in the punishment of its erring or criminal citizens, where, as here, the offence charged may be imputed to frailty and weakness, rather than to corrupt or malicious impulses or intentions.

The offence charged against appellee in the affidavit and information herein is a misdemeanor which is defined, and its punishment prescribed, in section 1991, R. S. 1881, in force since September 19th, 1881. The section reads as follows: "Whoever cohabits with another in a state of adultery or fornication shall be fined in any sum not exceeding five hundred dollars, and imprisoned in the county jail not exceeding six months."

The offence for which appellee is prosecuted is denominated in our statute "an offence against public morals." It is an offence which can only be committed by two persons of opposite or different sexes, and it is the joint offence of both the persons participating therein—that is, both the parties cohabiting with each other must be guilty of the adultery or fornication resulting from such cohabitation, or neither of them can be guilty thereof.

Appellant's counsel concede, as, indeed, they must concede, that if Frazy E. Low had been tried and acquitted of the charge of cohabiting with appellee herein in a state of adultery or fornication, the State could not have or maintain any

prosecution against appellee for such joint offence, but she must be discharged therefrom. · *Baumer* v. *State,* 49 Ind. 544, and authorities there cited.

. In *Baumer* v. *State,· supra,* Baumer was prosecuted for incest, which offence, like adultery or fornication, was necessarily the joint offence of two persons, of opposite or different sexes. Upon the point we are now considering, this court there said: "Whether they (the parties to the offence) be prosecuted in the same indictment or not, the crime must be charged as a joint crime. They may be tried separately, and one may be convicted and sentenced before the other is tried. If one be tried and acquitted, the other must be discharged; and, it is said in the Michigan case (*Delany* v. *People,* 10 Mich. 241), that if one be tried, convicted, and sentenced, and the other tried and acquitted, this will, *ipso facto,* render the first conviction void."

Is the State bound by the aforesaid agreement, by and between the prosecuting attorney, with the approval of the court.below, and said Frazy E. Low, as the same is stated in appellee's answer or plea herein? By an express provision of the statute, an indictment may "be *non-prossed* or information dismissed, * * by order of the court on motion of the prosecuting attorney." Section 1673, R. S. 1881.

There is no provision of the statute, however, which, in express terms, either authorizes or prohibits the execution of such an agreement, on behalf of the State, by and between the prosecuting attorney, with the approval of the proper court, and the defendant in a pending criminal cause, in relation to the future disposition thereof. But while this is so, we are of opinion that the alleged agreement between the prosecuting attorney and said Frazy E. Low, as stated in appellee's answer or plea herein, whether approved by the court or not, was invalid and void and was not binding on the State. It was, as we have said, wholly unauthorized by any provision of our statutes. But the effect of such agreement was to "discontinue or delay" the prosecution then

pending against Frazy E. Low for the offence defined in section 1991, above quoted; and we can say with certainty that our statutes do not countenance or tolerate, or regard favorably, any agreement having such effect. Indeed, it may be said, we think, that such an agreement is prohibited by the spirit and intention, if not by the letter, of the penal provisions of section 2013, R. S. 1881. In that section, it is made a misdemeanor, punishable by imprisonment in the county jail, or by fine, or by both, for any one to take any money or property of another, or any gratuity or reward, or any engagement or promise therefor, "upon any agreement or understanding, express or implied, to compound, discontinue, or delay any prosecution then pending for any crime or violation of statute," etc.

Manifestly, the evil to be prevented by the enactment of these statutory provisions was the compounding, the discontinuance, or the unnecessary delay of a pending prosecution for crime or for a statutory offence, while the act or thing to be punished, under such provisions, was the taking of money, property, or a gratuity or reward, or the promise thereof, upon an agreement or understanding, express or implied, to promote or accomplish such evil. We think, therefore, that the alleged agreement between the prosecuting attorney and Frazy E. Low, as stated in appellee's answer or plea, was within the prohibition of the spirit and intention of the provisions of section 2013, *supra*, as the effect of such agreement was to delay, without any apparent necessity, and ultimately to discontinue, the pending prosecution against Low, and was invalid and void. As appellee's answer or plea was founded solely upon such void agreement, it follows of necessity that such answer or plea was bad, and that the State's demurrer thereto ought to have been sustained. *Gray* v. *State*, 107 Ind. 177.

Of course, if such agreement shall be so far executed or consummated, by the action of the court below, as to have resulted in the legal discharge or acquittal of Frazy E. Low

for the joint offence of himself and appellee, before the trial of this cause in the lower court, appellee must also be discharged by the court from this prosecution. *Baumer* v. *State, supra.*

The judgment is reversed, with costs, and the cause is remanded, with instructions to sustain the demurrer to the answer or plea in abatement, and for further proceedings not inconsistent with this opinion.

Filed Nov. 28, 1887.