QUINN *v*. STATE OF INDIANA.

[No. 26,486. Filed November 1, 1935. Rehearing denied January 6, 1936.]

*T. Ernest Maholm,* for appellant.

*Philip Lutz, Jr.,* Attorney-General, and *James D. Sturgis,* Deputy Attorney-General, for the State.

TREMAIN, J.—On the 29th day of April, 1933, the appellant entered a plea of guilty in the Morgan Circuit Court to the charge of bank robbery, and was sentenced to the Indiana State Prison for life. On the 5th day of June, 1934, he filed in that court a verified petition for a writ of error *coram nobis.* Notice was served on the prosecuting attorney who appeared and filed an answer in general denial. The cause was submitted to the court for trial. Both appellant and appellee introduced evidence, documentary and oral. The court denied the petition. Appellant, without filing a motion for a new trial, has appealed and assigned as error the court's refusal to grant his petition.

Appellant charged in his petition that at the time he entered the plea of guilty, he was nineteen years of age, without funds to employ counsel; that he did not under-

stand court proceedings, the nature of the charge, the severity of the punishment, and that he was entitled to a trial by jury upon the merits. Prayer that the judgment of conviction be set aside and that he be permitted to withdraw the plea of guilty.

The record discloses that at the time appellant was arraigned, the charge was read to him; the court asked him whether or not he had counsel. A negative answer was made to the question and the court then stated that the county attorney would be appointed to represent him. Thereupon he appellant stated that he did not want an attorney; that he was guilty as charged. The court caused the statute defining the crime of bank robbery with the use of arms to be read to appellant, but he stated that he desired to plead guilty and throw himself upon the mercy of the court. The evidence discloses that appellant was almost twenty years of age at the time, married and had two children; that he had been employed prior thereto as an electrician in the city of Indianapolis, where he had resided since he was five years of age; that he graduated from the Indianapolis common schools; that he was intelligent, fully capable, and sufficiently experienced to comprehend all that took place in court at the time he entered the plea of guilty; that the court fully advised him as to his rights.

No attempt was made to show that, if he had been permitted to withdraw the plea of guilty and substitute therefor a plea of not guilty, he was in possession of any facts tending to establish his innocence. *Wheeler* v. *State* (1902), 158 Ind. 687, 696, 63 N. E. 975; *Stephenson* v. *State* (1932), 205 Ind. 141, 196, 179 N. E. 633. There was no charge of fraud or coercion upon the part of the court or any other person, but the plea of guilty was made freely and understandingly. Appellant rested his case solely upon the grounds (1) that the court did not fully advise him as to his rights, and (2) that under

the constitution he was entitled to a trial of the charge by a jury of twelve upon the merits.

The evidence further discloses that appellant and another, armed with automatic revolvers, entered the bank during business hours, commanded those present to lie upon the floor, and escaped with $5,000. Upon leaving the bank in a stolen automobile, the bandits engaged in a pistol duel with officers upon the streets of the town.

The proceedings invoked by the appellant in this case, though used to correct a sentence imposed in a criminal case, are considered as civil in their nature and not criminal. *State* v. *Calhoun* (1893), 50 Kan. 523, 32 Pac. 38, 18 L. R. A. 838; *State* v. *Ray* (1922), 111 Kan. 350, 207 Pac. 192.

The function of a writ of error *coram nobis* is limited to the correction of an error of fact not appearing on the record and lies to the same court, in order that it may correct the error which, it is presumed, would not have been committed had the facts in the first instance been brought to its notice. It differs from a writ of error or a motion for a new trial, each of which is brought for a supposed error at law, apparent in the record, and which takes the case to a higher tribunal, where it may be decided and the judgment of the lower court affirmed or reversed. *Fugate* v. *State* (1904), 85 Miss. 94, 37 So. 554, 3 Ann. Cases 326; *Sanders* v. *State* (1882), 85 Ind. 318.

Where a proper remedy is afforded by appeal, a writ of error *coram nobis* will not lie. *Sanders* v. *State, supra; Ernst* v. *State* (1923), 179 Wis. 646, 192 N. W. 65, 30 A. L. R. 681.

A writ is allowed only when it is made to appear to a reasonable certainty that there has been some error of fact. *Holford* v. *Alexander* (1847), 12 Ala. 280, 46 Am. Dec. 253 and note.

The writ cannot be claimed as a matter of right, but

can be granted only on an affidavit showing error of fact, and is addressed to the sound discretion of the court. 2 R. C. L. 306, §261; *Tyler* v. *Morris* (1839), 20 N. C. 625, 34 Am. Dec. 395, and note; *Holford* v. *Alexander, supra.*

The application of appellant to withdraw the plea of guilty is addressed to the sound discretion of the court. Unless there appears to be an abuse of the discretion, the Supreme Court will not interfere. *Lamick* v. *State* (1925), 196 Ind. 71, 147 N. E. 139; *Mahoney* v. *State* (1925), 197 Ind. 335, 149 N. E. 444; *Blackburn* v. *State* (1924), 195 Ind. 603, 146 N. E. 398.

"The denial of an application to withdraw a plea of guilty will generally be sustained on appeal, where the record discloses no ground for the application or where it appears that the ruling was based on conflicting evidence, which the court was compelled to weigh to reach a conclusion." *Lamick* v. *State, supra; Dobosky* v. *State* (1915), 183 Ind. 488, 109 N. E. 742; *Rowe* v. *State* (1921), 191 Ind. 536, 133 N. E. 2.

In the case at bar no facts were brought before the court to intimate, in the slightest degree, that the petitioner had a defense to the charge made against him. He now contents himself by saying that under the constitution he was entitled to a trial by jury upon the merits. *Holford* v. *Alexander, supra,* announces the general rule to be as follows:

> " 'That nothing can be assigned for error that contradicts the record; for the records of the courts of justice being things of the greatest credit, cannot be questioned but by matters of equal notoriety with themselves; wherefore, though the matter assigned for error should be proved by witnesses of the best credit, yet the judges would not admit of it.' "

The party seeking to avail himself of the remedy of the writ must show that it was not through his fault or

negligence that the error of fact assigned was not made to appear at the former trial. If, by the exercise of reasonable care and diligence, he could have availed himself at the trial of any defense which he may have had, the remedy will be denied. *Holford* v. *Alexander, supra;* 2 R. C. L. 307, §262; *Rhodes* v. *State* (1927), 199 Ind. 183, 156 N. E. 389; *State* v. *Boyd* (1928), 117 Neb. 320, 220 N. W. 281, 58 A. L. R. 1283.

The appellant in his brief in this court asserts and reasserts that "all courts should so administer the law and rules of practice as to secure a hearing upon the merits if possible." The appellant was at the time of his trial in 1933 a fairly well educated and intelligent young man, and had spent most of his life in the city of Indianapolis. He was able to and did understand to the fullest extent the nature of the crime, the charge against him, and the punishment prescribed by the statute, all of which was explained to him by the court. Under those conditions and circumstances, he freely and understandingly said he was guilty. Nothing remained for the court to do in the administration of the law other than to accept his plea and to fix the punishment. No claim is made that the defendant is not guilty; all the evidence shows him to be guilty. There is no showing that the plea of guilty was made inadvisedly or under a misapprehension as to appellant's rights. When counsel for appellant prepared the petition in this cause and conducted the hearing in the lower court and briefed it in this court, he must have been well aware of the fact that appellant was guilty; that if a rehearing and retrial were granted, it is apparent that "a trial upon the merits by a jury" would be a useless and needless ceremony. Under the facts presented, surely no lawyer would advise the appellant to further condemn himself by committing the crime of perjury. None of the constitutional and statutory pro-

322

visions referred to in appellant's brief upon the questions of the presumption of innocence, trial by jury, and representation by counsel are intended to shield the guilty.

The judgment of the lower court denying appellant's petition is affirmed.