SHARP *v.* STATE OF INDIANA.

[No. 27,154. Filed March 29, 1939. Rehearing denied May 15, 1939.]

*Todd & McCormack,* for appellant.

*Omer S. Jackson,* Attorney General, and *James K. Northam,* and *Hubert Dirks,* Deputy Attorneys General, for the State.

FANSLER, J.—This is an appeal from a conviction of the crime of abortion.

Error is assigned upon the overruling of appellant's motion for a new trial.

It is contended that the court erred in permitting a medical witness, who had testified as an expert, to be cross-examined upon the question of whether or not septicemia might be produced by a certain type of injury when there was no evidence that the victim had such an injury. There is no merit in the contention. It was proper for the court to allow a reasonable latitude in the examination for the purpose of testing the knowledge of the witness if for no other purpose.

Complaint is made of several hypothetical questions upon the ground that the questions assumed facts that were not proved and did not contain facts which were undisputed in the evidence. No good purpose will be served by setting out these lengthy questions and all of the evidence. It is sufficient to say that the questions conformed to the State's theory, which it contended was supported by the evidence and the inferences reasonably drawn therefrom, and therefore there was no error in permitting the questions.

It is contended that the evidence is insufficient for the reason that the corpus delicti was not proved. This is upon the theory that there is no evidence that the result was effected by the acts of the defendant.

There is no direct evidence upon this point. The appellant contends that the establishment of the fact must depend upon an inference based upon an inference, and that such a procedure is not permitted. See *Orey* v. *Mutual Life Insurance Co.* (1939), ante 305, 19 N. E. (2d) 547.

There was evidence that the subject was cleaning house and seemed in good health on the day she called at the defendant's office; that she went down town on a street car; that she told the defendant she was pregnant, and had four children living and one dead; and that she did not want another child; that he asked her about her heart and the length of pregnancy, and that she replied that her heart was all right; that she had been pregnant five or six weeks; that the defendant told her in that case he would do something for her; that he took her into his office and put her on an operating table; that he took some instruments out of a case and said: "This won't take but a minute and it won't hurt you"; that afterwards she asked the doctor about going to bed, and was told it was not necessary; that she could stay up; that "about tomorrow she would start having symptoms, chills and fever, but not to think anything about that because it always happens in a case of this kind." She then left the office, did some shopping, and went home on a street car. The next day, which was Sunday, she appeared in good health, prepared the meals for her family, did the housework, and went for a ride, but in the evening did not appear to feel well and seemed to be in pain. The next morning she was ill and had temperature of 102 2/5 degrees. The defendant was called and came to see her about 9:00 o'clock, when she was in a

bad condition, and, after giving some attention, left her. He testified that he instructed the husband to get another doctor, but the husband testified that he said nothing about it. Another doctor was called. The woman was taken to the hospital and died of general peritonitis between 11:00 and 12:00 o'clock and before anything could be done for her. There was expert medical testimony to the effect that death was from general septicemia caused by an abortion and that death could occur in such case within thirty-six hours.

It cannot be said that this evidence, standing alone and uncontradicted, is insufficient to sustain the verdict.

It is true the defendant testified that the woman admitted an attempt at abortion and that he found evidence of it when examining her at his office, but, on appeal, only the evidence most favorable to the appellee may be considered.

After the time permitted by statute for filing a motion for a new trial, the defendant filed a supplemental motion based upon newly discovered evidence of a witness, whose examination, taken by question and answer before a notary public, is attached to and made a part of the supplemental motion. In substance, the testimony proposed is to the effect that the subject, a stranger to the witness, came to a doctor's office in which the witness was working, on a date two days before the visit to the defendant's office, and inquired for the doctor, who was not in; that she told the witness she was in a lot of pain and had taken a lot of medicine, was the mother of some children and did not want any more; that she had taken medicine and attempted an abortion, and that she had had fever for several days; and that when the doctor did not come she left the office and the witness never saw her again. The witness fixed the date as being a day or two before she went on a vacation; that she was away on vacation for more

than two weeks; that she saw a notice of the death of the woman in a newspaper and remembered the name; that she did not remember telling anybody about it, but that on the day before the affidavit was made the defendant had come to her and questioned her about the conversation, having heard of it from some one.

The Attorney General contends that this evidence would not have been competent if offered at the trial. We are not impressed with this contention. However, a decision of that question is not necessary. He also contends that the supplemental motion, filed after the time for filing a motion for a new trial had expired, should not have been considered. In this he is supported by *Morton* v. *State* (1935), 209 Ind. 159, 198 N. E. 307. But the defendant was permitted to file the supplemental motion, and it must be presumed that the trial court did consider it. A new trial may be granted upon motion in the nature of a petition for a writ of error coram nobis after the time has expired for filing the statutory motion for a new trial. If a motion is filed, based upon facts discovered after the time has expired for filing a motion for a new trial, and the facts brought forward by the motion are a sufficient basis for the granting of a new trial upon a petition for a writ of error coram nobis, no reason is seen why the relief must be denied by the trial court because the motion is denominated "A supplemental Motion for a New Trial," and it must be assumed that the trial court permitted the filing of the supplemental motion upon this theory. On a timely application for a new trial because of newly discovered evidence, the question of granting the motion rests in the sound discretion of the trial court, and it is generally said that the new trial should be granted if the newly discovered evidence is material and is of such a character that it will, in the opinion of the trial judge, probably lead to a different result upon another trial.

There has been some difficulty in laying down a rule with which to measure the sufficiency of the facts which will justify a new trial upon a writ of error coram nobis, but the tendency is to require a stronger showing than required upon a statutory motion for a new trial because of newly discovered evidence. See *George* v. *State* (1937), 211 Ind. 429, 6 N. E. (2d) 336, and *Quinn* v. *State* (1936), 209 Ind. 316, 198 N. E. 70. But, if the sufficiency of the motion is measured merely by the standard required on a motion for a new trial, timely filed, we cannot say that the trial court abused its discretion in denying it. The trial judge heard all of the evidence in the case, and had the opportunity of observing the witnesses as they testified, and of weighing their evidence in the light of all the surrounding circumstances. He is presumed to have considered the proffered testimony in the light of all of these facts and circumstances, and to have determined against the probability of a different result upon another trial. This court, on appeal, is not in as good position to determine this quesiton, and it cannot be said, upon a consideration of the evidence as a whole, that there was an abuse of discretion.

Judgment affirmed.