## SMITH V. STATE OF INDIANA

[No. 28,515. Filed October 7, 1949. Rehearing denied November 8, 1949.]

N. *George Nasser* and *Wiley E. Hosier,* both of Terre Haute, for appellant.

*J. Emmett McManamon,* Attorney General, *Charles F. O'Connor,* Deputy Attorney General, and *Walter O. Lewis,* Deputy Attorney General, for appellee.

JASPER, J.—The record shows that on June 22, 1948, the appellant, on his plea of not guilty, was tried by affidavit in one count for the alleged offense of vehicle taking, under § 10-3011, Burns' 1942 Replacement. The jury disagreed and was discharged by the court. On June 25, 1948, the State filed a second count for the offense of vehicle taking, under § 10-3011, Burns' 1942 Replacement, and alleged that appellant was an habitual criminal. Appellant filed a plea in abatement to the second count, to which a demurrer was filed and sustained. Thereafter a motion to quash was filed, which motion was overruled by the court. Appellant then pleaded not guilty to the second count. Appellant was tried by jury, found guilty of vehicle taking by a general finding, and further found to have had two previous felony convictions. Appellant was given a life sentence.

Appellant contends that the filing of count two was an amendment to the first count, prohibited by statute, and, further, that his constitutional rights were violated. We shall discuss these questions in that order.

In the first trial, when the jury failed to agree, the court discharged the same. The case was then in the same position as though it had not been tried. Appellant's contention that the filing of the second count amended the first count is without foundation, as each count was complete within

itself, and the two were properly joined. The second count alleged the offense of vehicle taking, and complied with the statute alleging the appellant to be an habitual criminal. This court has held that § 9-2207, Burns' 1942 Replacement, does not charge a crime, but is only to classify a defendant as an habitual criminal. *Hanks* v. *State* (1948), 225 Ind. 593, 595, 76 N. E. 2d 702; *Goodman* v. *Kunkle* (1934), 72 F. 2d 334, 336.

Appellant further contends that he was deprived of his constitutional rights in violation of Article 1, § 4, Article 1, § 14, and Article 1, § 24, of the Constitution of Indiana, and in violation of Article 1, § 9, and Article 1, § 10, of the Constitution of the United States. Article 1, § 4, of the Constitution of Indiana, in no manner applies to this case and is not involved in it. This section covers the right to freedom of worship. Article 1, § 9, of the Constitution of the United States, applies only to the Congress of the United States, and does not apply to states.

Appellant further contends that the Act of 1907, ch. 82, p. 109, being our habitual criminal act, is an ex post facto law, and contrary to Article 1, § 24, of the Constitution of Indiana, and Article 1, § 10, of the Constitution of the United States. This contention has heretofore been answered and decided by this court. The habitual criminal act was held constitutional in *Goodman* v. *Daly, Warden* (1929), 201 Ind. 332, 165 N. E. 906; and in *Kelley* v. *State* (1933), 204 Ind. 612, 623, 185 N. E. 453, 457, 458, the court said:

"The appellant questions the constitutionality of the Habitual Criminal Act on the ground that it places the defendant in jeopardy twice for the same offense; that it authorizes punishments for crimes alleged to have been committed in other jurisdictions; that it provides for the infliction of cruel

and unusual punishment; that it is not based on principles of reformation; that it is an ex post facto law authorizing punishment for crimes committed prior to the passage of the act; and that it does not recognize any limitation of the crime for prosecution.

"The statute does not impose an additional penalty on crimes for which the defendant had been already convicted. It simply imposes a heavier penalty for the commission of a felony by one who had been previously twice convicted and imprisoned for the commission of a felony. The punishment is for the new crime only. The punishment is more severe because the defendant is an habitual criminal, and it is within the discretion of the legislature to treat imprisonment in another jurisdiction as evidence of the fact of habitual criminality. It is not unconstitutional."

The enactment of the habitual criminal statute did not change the rules of evidence, nor increase the malignity of the crime, nor take the presumption of innocence away from a defendant. *People* v. *Sickles* (1898), 50 N. Y. S. 377, 51 N. E. 288; *People* v. *Coleman* (1904), 145 Cal. 609, 614, 79 Pac. 283. Nor did it affect the rule as to the credibility of a defendant. *Barr* v. *State* (1933), 205 Ind. 481, 187 N. E. 259. It was said in *Metzger* v. *State* (1938), 214 Ind. 113, 117, 118, 13 N. E. 2d 519, 521:

" . . . it has been held by the Supreme Court in this state and in other jurisdictions, that the allegation and proof of former convictions are alleged in the affidavit or indictment, and shown upon the trial, for the single purpose of classifying the defendant as an habitual criminal, and for no other purpose. The jury has no right to consider such proof as bearing upon the charge for which the defendant is upon trial, except in so far as he has been cross-examined concerning those convictions. . . ."

Appellant further contends that the habitual criminal statute is in violation of the Constitution of Indiana, Article 1, § 14, which states that no person shall be put in jeopardy twice for the same offense, and that no person, in any criminal prosecution, shall be compelled to testify against himself. Appellant was not compelled to testify against himself, nor is there self-incrimination. *People* v. *Coleman, supra.* As above stated, the habitual criminal statute merely goes to the state or classification of a defendant. It does not, and cannot, make bad character a part of its original case, and it is not impeaching.

Appellant further contends that the habitual criminal statute, which was enacted by the General Assembly in the year 1907, was repealed by the vehicle taking act of 1927 (Acts of 1927, ch. 201, § 4, p. 576; § 10-3010, Burns' 1942 Replacement). This contention is erroneous. The habitual criminal statute covers all felonies, including both vehicle taking statutes. Appellant was not charged under § 10-3010, Burns' 1942 Replacement, as contended by appellant, but was charged in two counts under § 10-3011, Burns' 1942 Replacement (Acts of 1941, ch. 148, § 8, p. 447). Neither of the above vehicle taking statutes repealed the habitual criminal act, expressly or impliedly.

Appellant's other assignments of error are contingent upon the questions above decided, or were waived.

The lower court having committed no error, the judgment is affirmed.

NOTE.—Reported in 87 N. E. 2d 881.