SMITH v. STATE OF INDIANA.

[No. 29,467. Filed November 25, 1957. Rehearing denied January 23, 1958.]

*James C. Cooper*, Public Defender, and *Robert S. Baker*, Deputy Public Defender, for appellant.

*Edwin K. Steers*, Attorney General, *Owen S. Boling* and *Merl M. Wall*, Deputy Attorneys General, for appellee.

LANDIS, J.—Appellant was charged on two counts with (1) vehicle taking and (2) being an habitual criminal. He was found guilty and sentenced on Count One for 1 to 10 years, and upon Count Two to life imprisonment. Appellant appealed to this court and the judgment of the lower court was affirmed, the opinion appearing in 227 Ind. 672, 87 N. E. 2d 881.

Appellant, now six years later, has filed in the trial court a pleading called "Motion to Vacate Void Judgment" in which appellant contends the Habitual Criminal Statute of Indiana[1] is unconstitutional, as violating the 13th and 14th Amendments of the Constitution of the United States. The lower court overruled appellant's motion, and appellant has appealed to this court.

Appellant appears to concede in his brief that his "motion to vacate judgment" is to all intents and purposes the same as a motion for writ of error *coram nobis*. And this court, in a number of decisions, has so held, as there is no criminal procedure in this state for vacating a judgment by the

---

1. Burns' Indiana Statutes §§9-2207, 9-2208, 1956 Replacement, being Acts of 1907, ch. 82, §§1, 2, p. 109.

court after the expiration of the court's term at which the judgment was rendered, and such a proceeding must therefore be and is treated as a motion for writ of error *coram nobis.* See: *Shive* v. *State* (1955), 234 Ind. 704, 126 N. E. 2d 5; *State ex rel. McManamon* v. *Blackford C. Ct.* (1950), 229 Ind. 3, 9, 95 N. E. 2d 556; *Irwin* v. *State* (1942), 220 Ind. 228, 239, 41 N. E. 2d 809; *Sharp* v. *State* (1939), 215 Ind. 505, 509, 19 N. E. 2d 942; *Lobaugh* v. *State* (1948), 226 Ind. 548, 82 N. E. 2d 247; *Vonderschmidt* v. *State* (1948), 226 Ind. 439, 81 N. E. 2d 782; *Sanders* v. *The State* (1882), 85 Ind. 318, 44 Am. Rep. 29.

Our first question on this appeal is whether appellant's petition, being in effect a *coram nobis* petition, is the proper remedy to present the error appellant complains of. Appellant does not make the contention usual in *coram nobis* proceedings, as to the existence of matters which, if originally before the court below, would have prevented the rendition of the previous judgment and which, through no fault on appellant's part, were not presented. Instead, appellant raised several constitutional questions as to the validity of the habitual criminal statute on the original trial and upon the appeal therefrom, and having failed therein, appellant has now filed in the lower court proceedings in *coram nobis* attempting to raise several additional constitutional objections to such statute. Appellant, however, has offered no explanation as to why such additional questions were not heretofore presented by him at his original trial or upon the appeal previously taken therefrom to this court. Appellant was represented at the previous trial by competent counsel, and he makes no contention that the matters he is now urging were not known to him or his counsel at the former trial and the appeal taken therefrom. If a de-

fendant decides to make his defense piecemeal and thereby unsuccessfully gambles on the outcome of his case, he is not privileged to raise at a later time matters in *coram nobis* which he did not consider expedient to present at the original trial or on the appeal therefrom.

It necessarily follows that the availability of *coram nobis* does not extend to the raising of matters which were known to appellant or his counsel at the original trial and could have been submitted to the trial court at such time and adjudicated. See: *Grecu* v. *State* (1956), 235 Ind. 234, 131 N. E. 2d 646; *Dowling et al.* v. *State* (1954), 233 Ind. 426, 118 N. E. 2d 801; *Obie* v. *State* (1952), 231 Ind. 142, 106 N. E. 2d 452, 344 U. S. 935, 97 L. Ed. 719, 73 S. Ct. 506 (cert. den.) ; *Quinn* v. *State* (1936), 209 Ind. 316, 198 N. E. 70.

We accordingly conclude that appellant has failed to make out a case for the granting of *coram nobis,* and that the lower court properly overruled appellant's motion. or petition therefor.

While a determination of this appeal does not require a disposition of the contention of unconstitutionality of the Habitual Criminal Act, we believe it appropriate to observe that the act is not, in our opinion, subject to the infirmities urged by appellant. The constitutionality of the act has heretofore been before this court on a number of occasions. See: *Goodman* v. *Daly, Warden* (1929), 201 Ind. 332, 165 N. E. 906; *Kelley* v. *State* (1933), 204 Ind. 612, 185 N. E. 453; *Barr* v. *State* (1933), 205 Ind. 481, 187 N. E. 259; *Hanks* v. *State* (1948), 225 Ind. 593, 76 N. E. 2d 702; *Smith* v. *State* (1949), 227 Ind. 672, 87 N. E. 2d 881.

Legislation similar to the act in question has uni-

formly been upheld as against objections of unconstitutionality. It is true that the statutes vary somewhat from state to state in the manner in which they provide additional punishment for repeated commissions of crime or for the status of habitual criminal. However, the provision of the Indiana statute requiring the accused to be charged both with the commission of the third felony and with being an habitual criminal and to be sentenced upon both counts does not in our opinion violate either the 13th or 14th Amendments of the U. S. Constitution. The Habitual Criminal Statute does not impose punishment (life imprisonment) for an additional crime, but for the status or condition of being an habitual criminal. See: *Goodman* v. *Kunkle* (1932), 7 Cir., 72 F. 2d 334; *Metzger* v. *State* (1938), 214 Ind. 113, 13 N. E. 2d 519.

Appellant has conceded that the imposition of the penalty of life imprisonment alone for the third felony would be constitutional. We know of no valid reason why the legislature could not constitutionally add to the ordinary penalty for the felony an additional punishment, to-wit: life imprisonment, when the felony is committed by a third time offender who is thus classified as an habitual criminal.

Finding no error, the judgment is affirmed.

Emmert, C. J., and Achor, Arterburn and Bobbitt, JJ., concur.

NOTE.—Reported in 146 N. E. 2d 86.