COPELAND *v.* STATE OF INDIANA.

[No. 29,958. Filed September 21, 1961. Rehearing denied December 14, 1961.]

*Nelson G. Grills,* of Indianapolis, for appellant.

*Edwin K. Steers,* Attorney General, *Patrick D. Sullivan,* Deputy Attorney General, and *Eugene Hough,* Prosecuting Attorney, Sixth Judicial Circuit, for appellee.

LANDIS, C. J.—This appeal was taken from the judgment denying appellant's petition for writ of error coram nobis.

From appellant's petition for writ of coram nobis and the evidence introduced in support thereof, it appears that appellant was indicted for sodomy in the lower court, that he was represented therein by counsel and entered a plea of guilty to the offense of assault, that he was assessed a fine of $100.00.

Appellant now contends on coram nobis that his alibi witness was unable to appear in his trial in the criminal case and that he was not informed by either his counsel or the prosecutor so that he could request a continuance of the matter, but that he was urged by both his counsel and the prosecutor to plead guilty

to assault. Appellant also now contends that the indictment was insufficient to charge the offense of assault although he states his counsel and the prosecutor advised him to the contrary. Appellant further says that the prosecutor agreed to make the same disposition of a co-defendant's case as was made in appellant's case with the proviso that the agreement was subject to the approval of the court sitting on each case. Appellant says the same disposition was not made of the co-defendant's case and that his case was dismissed, and that by reason of that agreement and not by reason of his own free will, voluntarily given, appellant did plead guilty to the offense of assault, wherefore he asks that his judgment of conviction be vacated, etc.

The writ of error coram nobis has been increasingly resorted to in this state as a post-conviction remedy in criminal cases, but our decisions have recognized that the proceeding is generally limited to the correction of errors of fact not appearing on the record, and unknown to the moving party at the time of the original judgment. *Obie* v. *State* (1952), 231 Ind. 142, 146, 106 N. E. 2d 452, 453 (cert. den. 1953), 344 U. S. 935, 97 L. Ed. 719, 73 S. Ct. 506. It is well settled that matters which were known at the time of trial and which properly might then have been adjudicated cannot be presented for the first time by a writ of error coram nobis. *Smith* v. *State* (1958), 237 Ind. 532, 535, 146 N. E. 2d 86, 87 (cert. den. 1958), 357 U. S. 909, 2 L. Ed. 2d 1159, 78 S. Ct. 1156; *Berry* v. *State* (1930), 202 Ind. 294, 303, 173 N. E. 705, 72 A. L. R. 1177, 1178. The petitioner must show it was not through his fault or negligence that the error or matter of defense was not raised or

presented at the original trial. *Quinn* v. *State* (1936), 209 Ind. 316, 320, 198 N. E. 70, 72.

In the case before us appellant was represented at his trial in the criminal case by counsel who is not shown to have been incompetent. It is not contended that appellant's representation was merely perfunctory · nor that appellant's plea of guilty was entered without his consent.

Appellant when charged with crime must submit himself to the general rules which govern all litigants in court. He cannot second-guess all the decisions his attorney happens to make in handling his case. Much less can he wait until after the result of a trial is known to him and he becomes dissatisfied with the outcome, then file some months later his coram nobis petition through a second attorney, and properly contend that he should not be bound by what he did through a previous attorney whose competence is not questioned.

It necessarily follows that appellant's contention that his alibi witness was unable to appear and neither his attorney nor the prosecutor informed him so he could ask for a continuance, is entirely insufficient to state a basis for coram nobis. An attorney is not derelict in his duty to his client simply because he fails to ask for a continuance because of the absence of an alibi witness. This is a matter within a large area of the counsel's discretion in handling his client's case, and the wisdom of attorney's decision cannot now be reviewed by appellant in this proceeding.

With reference to the question appellant is here raising as to the form of the indictment it is undis-

puted that appellant's counsel at the original trial stated it was sufficient to charge an assault, but his second counsel on coram nobis now says it is insufficient. However, no motion or pleading appears to have been filed by appellant or his counsel at the original trial to raise these questions. These matters having been known to appellant or his counsel (who is not challenged as to competency) at the time of the original trial, and there being no showing that they could not have been adjudicated, appellant's contention cannot prevail now on coram nobis.

Appellant's final contention that the agreement by the prosecutor to cause the same disposition to be made of a co-defendant's case was not kept as such co-defendant's case was dismissed overlooks the fact that such agreement was subject to the approval of the court which approval does not appear ever to have been granted. The alleged agreement therefore by its own terms never came into existence. Appellant's argument that the plea of guilty was entered without appellant's free will cannot prevail in the face of the uncontradicted evidence that he was represented by counsel not shown to be inadequate or incompetent and there has been no showing of fraud or such a state of facts as would render the plea a nullity.

Appellant's general contentions of the violations of his constitutional rights do not present any question for review in view of appellant's failure to cite to the lower court the sections of the state and federal constitutions he contends on appeal were violated. *Luttrell* v. *State* (1932), 204 Ind. 116, 121, 183 N. E. 318, 320; *Prunk* v. *Indpls. Redevelopment Comm.* (1950), 228 Ind. 579, 585, 93

N. E. 2d 171, 173, (Appeal dis. 1951), 340 U. S. 950, 95 L. Ed. 685, 71 S. Ct. 575.

Appellant's petition for oral argument in this cause is denied as it was not filed until some months after the time allotted for filing briefs which is not in accordance with Rule 2-21 of this Court. See: *Mattingly* v. *State* (1957), 236 Ind. 632, 637, 142 N. E. 2d 607, 610.

Judgment affirmed.

Achor, Arterburn, Jackson and Bobbitt, JJ., concur.

### ON PETITION FOR REHEARING

LANDIS, J.—Appellant has filed petition for rehearing contending we did not in our previous opinion[1] consider the question of whether the separate indictments filed against appellant and one Hirsch charged a joint crime and if so, whether a judgment convicting appellant and fining him $100 could stand when the charge as to Hirsch was dismissed.

An examination of the petition for coram nobis filed in the trial court makes no mention of an allegedly joint crime being charged against appellant and the co-defendant Hirsch, but it was there contended that the charge against Hirsch was dismissed contrary to an alleged agreement with the prosecutor. The latter contention was disposed of in our previous opinion.

However, in any event we do not believe appellant's contention is meritorious. The authorities cited by appellant for the proposition that a person jointly charged is to be discharged if a co-defendant has been acquitted of the joint

---

1. *Copeland* v. *State* (1961), 242 Ind. 290, 176 N. E. 2d 894.

crime, are not applicable to cases where the co-defendant is not tried and acquitted, but the charge is only dismissed as to him. A dismissal is not tantamount to an acquittal as it is not an adjudication of the guilt or innocence of the co-defendant. Ordinarily the charge could be re-filed against the co-defendant. The dismissal of the charge as to a co-defendant is not therefore necessarily inconsistent with the conviction of the other defendant and does not ipso facto render such conviction void. See: *The State* v. *Bain* (1887), 112 Ind. 335, 14 N. E. 232; *Berry* v. *State* (1930), 202 Ind. 294, 305, 165 N. E. 61, 173 N. E. 705, 706, 72 A. L. R. 1177.

The petition for rehearing is overruled.

Achor, C. J., Arterburn, Jackson and Bobbitt, JJ., concur.

NOTE.—Reported in 176 N. E. 2d 894. Rehearing denied 178 N. E .2d 463.