STATE EX REL. TUCKER *v*. ELKHART SUPERIOR COURT, TRECKELO, JUDGE.

[No. 0-651. Filed September 8, 1964. Rehearing denied October 15, 1964.]

*Clarence R. Tucker, pro se.*

LANDIS, J.—Relator on April 16, 1962, filed in this Court petition for writ of mandate asking that respondent court be commanded to sustain relator's praecipe for transcript and motion for appointment of counsel in an attempted appeal from the denial of what appears to be in substance a petition for writ of error coram nobis.[1] On May 16, 1962, we denied relator's petition for writ of mandate for failure to comply with Rule 2-35 of this Court.

---

1. Effective as of September 11. 1963. Such a petition would hereafter be considered as a belated motion for new trial under revised Rule 2-40 of this Court.

Relator thereafter filed petition for writ of certiorari in the U. S. Supreme Court which subsequently vacated the judgment denying the writ and remanded the cause for further consideration in the light of *Lane* v. *Brown* (1963), 372 U. S. 477, 83 S. Ct. 769, 9 L. Ed 2d 892.

In considering the merits of relator's petition for writ of mandate it appears the substance of relator's contention is that the lower court erroneously denied his coram nobis petition which had asserted the lower court erred in permitting the State to amend the affidavit filed against him and that the affidavit was defective in certain other respects. The State filed demurrer to the coram nobis petition setting up that relator was represented by counsel at his trial by jury for safe burglary and that relator and his counsel consented to the amendment to the affidavit.

Relator has attached as an exhibit to his petition a letter to him from the public defender of Indiana, viz:

"In reply to your letter of September 9, 1961, and correspondence received since said date, together with a copy of a petition for a writ of error coram nobis which I presume you have filed in the Superior Court of Elkhart County, will advise that after giving this matter proper consideration and reviewing the law applicable to the matter set forth in your petition, I find that, in my opinion, your petition is wholly without merit.

"You complain because the affidavit filed against you was amended during the trial of your cause. Undoubtedly this amendment was made pursuant to §9-1133 of Burns' Indiana Statutes which reads as follows:

" 'The court may at any time before, during or after the trial amend the indictment or affidavit in respect to any defect, imperfection or omission in form, provided no change is made in the name or identity of the defendant or defendants or of the crime sought to be charged.'

"This statute permits an amendment at such time as to form only, providing no change is made in the name or identity of the defendant or the crime sought to be charged. Changing the name of the owner of the property was purely a technical matter and could in no way prejudice your substantial rights, however, the Supreme Court on October 17, 1961 in the case of *Dobson* v. *State,* — Ind. —, 177 N. E. 2d 395, held that such matters as you complain about should have been corrected by proper objections during the trial and by a motion for a new trial and if denied, by an appeal and not by coram nobis, a copy of said opinion is enclosed herewith for your consideration.

"In view of the above stated facts my office will not represent you in this matter.

Yours truly,
ROBERT S. BAKER,
Public Defender

"Enc.
"cc: Warden, Indiana State Prison
Box 41
Michigan City, Indiana"

The defect here attempted to be cured by amendments did not in any way affect relator's substantial rights but was purely technical in nature as it sought solely to change the spelling of the name of the owner of the property burglarized from "Dr. Melvin Totor" to "Dr. Melvin Teeters." The trial court in our judgment had full authority under the foregoing statute (Burns' §9-1133, 1956 Repl., Acts 1935, ch. 189, §1, p. 928) to permit the amendment to be made as it obviously did not concern the name or identity of the defendant nor the crime sought to be charged.

However, in any event, any question as to the propriety of such amendment or any defects in the lan-

guage of the affidavit were cured by the failure of the defendant or his counsel to make timely objection during his trial for burglary in the court below. It is well settled that matters which were known to a prisoner or his counsel at the time of his trial and might at that time have been submitted to the trial court and adjudicated, cannot later be presented for the first time in a petition for writ of error coram nobis. *Copeland* v. *State* (1961), 242 Ind. 290, 293, 176 N. E. 2d 894, 178 N. E. 2d 463; *Smith* v. *State* (1958), 237 Ind. 532, 535, 146 N. E. 2d 86 (cert. den. 1958), 357 U. S. 909, 2 L. Ed 2d 1159, 78 S. Ct. 1156; *Berry* v. *State* (1930), 202 Ind. 294, 303, 165 N. E. 61, 173 N. E. 705, 72 A. L. R. 1177, 1178.

A prisoner when charged with crime must submit himself to the general rules which govern all litigants in court. He cannot second-guess all the decisions his attorney happens to make in handling his case. Much less can he wait until after the result of a trial is known to him and he becomes dissatisfied with the outcome, and then some months later attempt to raise for the first time in a coram nobis petition matters he or his counsel could properly have raised at the trial.

From a careful examination of relator's petition for writ of mandate and request for waiver of rules, the exhibits, and the record before us, it is our considered opinion in view of the settled authorities of this state that there is no merit whatever in relator's attempted appeal from the denial of his petition for writ of error coram nobis. As any appeal from the denial of coram nobis in this case would in our judgment be entirely frivolous and fruitless it follows that neither the public defender nor other pauper counsel should be appointed to prosecute a useless ap-

peal. Neither would any purpose be accomplished in ordering the preparation of a transcript for a frivolous appeal.

In accordance with our recent opinions in *Johnson* v. *Dowd* (1963), 244 Ind. 496, 193 N. E. 2d 906, and *Willoughby* v. *State* (1961), 242 Ind. 183, 167 N. E. 2d 881, 177 N. E. 2d 465, 374 U. S. 832, 10 L. ed. 2d 1055, 83 S. Ct. 1876, and having given due consideration to *Lane* v. *Brown* (1963), *supra,* 372 U. S. 477, 83 S. Ct. 769, 9 L. ed. 2d 892, the petition for writ of mandate is now denied.

Achor, C.J., and Arterburn, Jackson and Myers, JJ., concur.

NOTE.—Reported in 201 N. E. 2d 40.